**Earnest HAGA, Petitioner,**

v.

**The STATE of Oklahoma and Ray Page, Warden, Respondents.**

**No. A–14015.**

Court of Criminal Appeals of Oklahoma.

March 22, 1967.

Charles V. Foor, McAlester, for petitioner.

G. T. Blankenship, Atty. Gen., for respondents.

## MEMORANDUM OPINION

BUSSEY, Judge.

On the 7th day of June, 1966, Earnest Haga, hereinafter referred to as defendant as he appeared in the trial court below, filed herein an application for post conviction review of judgments and sentences rendered against him in the District Court of Tulsa County, cases no. 21481 and 21482, wherein he was sentenced to terms of five years for the crime of Assault with a Dangerous Weapon and 20 years for the crime of Manslaughter in the First Degree. Defendant also asserts that he is entitled to a new trial

on the grounds of newly discovered evidence.

His first proposition is founded upon the allegation that he was not represented by competent counsel and his second proposition is based on the allegation that after having entered a plea of guilty and on the day of judgment and sentence, he discovered a witness to the offenses, for which he was sentenced, whose affidavit is that defendant acted in his necessary self-defense. Accompanying the petition is a transcript of the proceedings in the District Court of Tulsa County which reflects the following:

"TRANSCRIPT OF PROCEEDINGS ON DEFENDANT'S PLEA OF GUILTY, * * * Tulsa, Oklahoma, December 9, 1965 * * *

THE COURT: In case 21481, State vs. Earnest Haga, what says the parties?

MR. X.: May it please the Court, I have discussed this matter at length with the defendant. I have advised him of his right to a trial by a jury and he has advised me that he wishes to waive his right to a trial by jury and tender a plea of guilty to the offense of Assault With a Dangerous Weapon.

THE COURT: How old are you, Mr. Haga?

MR. HAGA: Forty-four.

THE COURT: As you know your case is set for trial today before a jury. We are ready now to impanel a jury. You have heard your attorney tell me that after conference with him, you have decided that you desire to waive your right to a jury trial and enter a plea of guilty in case 21481 wherein you are charged with Assault and Battery With a Dangerous Weapon. What do you tell me?

MR. HAGA: That's right.

THE COURT: You tell me that you want to plead guilty?

MR. HAGA: Yes.

THE COURT: You are represented by a good lawyer and I am certain that you have fully conferred with him on this, but I must for the sake of the record ask you if you have fully considered the matter and fully conferred with your attorney before announcing this decision in the matter?

MR. HAGA: Yes.

THE COURT: And you tell me that you are guilty and want to plead guilty?

MR. HAGA: Yes.

THE COURT: Mr. X. is appearing here as your lawyer. He was selected by you may I assume?

MR. HAGA: Yes.

THE COURT: And have you been satisfied with his representation?

MR. HAGA: Yes.

THE COURT: Let the record show that the defendant is present in court, represented by counsel, waives his right to a jury trial, withdraws his former plea of not guilty and enters his plea of guilty. Inasmuch as the defendant has another case on the docket, perhaps we should get an announcement on that before fixing formal sentencing date on the case that he has just plead guilty to. In case 21482, State vs. Earnest Haga, the charge Murder.

MR. X.: May it please the Court, I have discussed this matter at length with the defendant on many different days and different occasions, and the last conversation I had with the defendant he advised me that he had made up his mind to follow my recommendation to waive his right to a jury trial in this case and ask permission to withdraw his former plea of not guilty and to tender a plea of guilty to a lesser offense and included offense of First Degree Manslaughter.

THE COURT: Mr. Haga, you have heard the announcement of your attorney that you desire to tender a plea of guilty to the lesser and included offense of First Degree Manslaughter. You understand that manslaughter is a felony, punishable by not less than four years nor more than life. He tells me you want to tender a plea of guilty to the offense of First

Degree Manslaughter, what do you tell me?

MR. HAGA: Yes, guilty.

THE COURT: You have heard your attorney tell me that you and he have conferred many times before making this decision. Is that true?

MR. HAGA: Yes.

THE COURT: I am not familiar with the facts of this case. Mr. Griffin, what is the desire of the State with reference to my accepting or rejecting this tendered plea?

MR. GRIFFIN: We would recommend that the Court accept the plea.

THE COURT: The record may show that the defendant represented by counsel of his own choosing, withdraws his former plea of not guilty and tenders a plea of guilty to the included offense of First Degree Manslaughter. Let the record further show that the Court accepts said tendered plea of guilty. So now that you have entered a plea of guilty in 21481 which is Assault and Battery with a Dangerous Weapon, and in 21482 to First Degree Manslaughter, what is your pleasure with reference to a formal sentencing date?

MR. X.: We are entitled under the law to forty-eight hours from this date to be formally sentenced on the pleas just entered. You can wait that forty-eight hours, or if you wish you may waive the forty-eight hour period and consent to be sentenced at this time, whichever you wish.

THE COURT: I would prefer that you take until next Tuesday since I will not be here Monday and tomorrow would not be the full two days, and I will abide by the decision of yours and your client to wait until Tuesday morning, so I will set formal sentencing on these two cases for Tuesday morning, December 14th, at 9:30 a. m."

\* \* \* "TRANSCRIPT OF PROCEEDINGS ON FORMAL SENTENCING OF DEFENDANT \* \*

Tulsa, Oklahoma, December 14, 1965
\* \* \*

THE COURT: Mr. Haga, you in case 21482 have heretofore entered your plea of guilty to the offense of First Degree Manslaughter, and this is the time set by the Court to pronounce judgment and sentence upon you. Do you now know of any legal reason why I should not sentence you at this time?

MR. HAGA: No.

THE COURT: And as his attorney, do you know of any legal reason why I should not sentence him?

MR. X.: No, I know of none, your Honor.

THE COURT: It will be the judgment of the Court that you be sentenced to serve a term of twenty (20) years in the State Penitentiary at McAlester, your sentence to begin from the date of your delivery to the warden. From the judgment and sentence you have a legal right to appeal to the Criminal Court of Appeals if you so desire. If you desire to perfect an appeal, it will be necessary number 1, that you give notice in open court of your intention to appeal, number 2, if for any reason you desire and think you are eligible to have a case-made at public expense, you must file a written request therefor. In order to guarantee your right to perfect your appeal, the Court will order you restrained in the County Jail an additional ten days for you to confer with your attorney and see what your desires are with reference to an appeal.

MR. X.: Your Honor, let the record show that the defendant does not intend to perfect an appeal.

THE COURT: Well, if he signs a letter requesting that he be immediately transported to McAlester, I can permit that. Otherwise I would have to hold him here for ten days. So if you want to prepare a letter for him to sign saying that he does not desire to appeal and wants to be

immediately transported, I will honor the request.

MR. X.: Your Honor, he doesn't intend to appeal and he says he wouldn't mind staying here ten days so that he can visit wtih his family.

THE COURT: All right. Case 21481, Assault and Battery with a Dangerous Weapon. Mr. Haga, you have heretofore entered a plea of guilty in this case and today is the date fixed by the Court to pronounce judgment upon you. Do you at this time know of any legal reason why I should not now sentence you on your plea of guilty?

MR. HAGA: No.

THE COURT: And as his counsel, do you know of any legal reason why I should not?

MR. X.: No, I do not, sir.

THE COURT: It will be the judgment of the Court that you be sentenced to serve a term of five (5) years in the State Penitentiary, your sentence to begin from the date of your delivery to the warden. Inasmuch as these two cases grew out of the same situation, I will let this sentence run concurrent with the sentence in the manslaughter case, and everything that I told you regarding your right, absolute right to appeal in the manslaughter case is equally applicable to this case. Since I have, however, detailed those rights and procedures to you in detail, I will not feel the need of repeating them, but they are equally applicable in this case as well as in the manslaughter case.

Let the defendant be recommitted to the custody of the sheriff and here retained for ten days to give him full opportunity to perfect an appeal if he so desires. If he desires to be transported sooner than that, I will require that he sign a letter advising me of that request."

■ In considering defendant's first proposition, to-wit: that he was not represented by competent counsel, we observe that the trial court asked the following questions:

"THE COURT: You are represented by a good lawyer and I am certain that you have fully conferred with him on this, but I must for the sake of the record ask you if you have fully considered the matter and fully conferred with your attorney before announcing this decision in the matter?

MR. HAGA: Yes.

THE COURT: And you tell me that you are guilty and want to plead guilty?

MR. HAGA: Yes.

THE COURT: Mr. X. is appearing here as your lawyer. He was selected by you may I assume?

MR. HAGA: Yes.

THE COURT: And have you been satisfied with his representation?

MR. HAGA: Yes."

■ We further observe that from an examination of the affidavit of the "newly discovered witness" that there were numerous witnesses to the affray which gave rise to the charges of which defendant now stands convicted, and that one of said witnesses to such altercation was present during its entirety and left the scene with the defendant. The name of this witness and the knowledge of what had actually transpired during said altercation were known to the defendant and presumably to his attorney who, from the record before us, it appears had conferred with the defendant numberous times prior to the entry of defendant's plea.

It would thus appear that the evidence of the "newly discovered witness" would be only cumulative to the evidence known by the defendant and his counsel at the time he appeared in open court and knowingly and voluntarily waived his right to a jury trial and entered a plea of guilty with full knowledge of the consequences of such plea.

We further note that the trial judge carefully and meticulously advised the defendant of his rights relating to an appeal

and in order to safeguard the exercise of these rights, directed that the defendant be retained in the Tulsa County jail for a period of at least ten days during which time he visited with friends and relatives. When neither the defendant nor his counsel made any attempt to perfect an appeal in the manner and form provided by law within ten days from the rendition of judgment and sentence, the same became final and there is nothing in the record before us to support the defendant's assertion that he was denied any statutory or constitutional right relating to an appeal.

For the reasons above set forth and on the record before us, the relief prayed for is denied. Post conviction review and coram nobis denied.