Riley Mitchell JONES, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A-14549.

Court of Criminal Appeals of Oklahoma.

Oct. 22, 1969.

Rehearing Denied Nov. 12, 1969.

Jay D. Dalton, Tulsa, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Gene Hoyt, Asst. Atty. Gen., for defendant in error.

BRETT, Presiding Judge.

Plaintiff in Error, Riley Mitchell Jones, hereafter referred to as defendant, was tried and convicted in the District Court of Tulsa County, Oklahoma, with the crime of Robbery with Firearms, after former conviction of a felony. Defendant's punishment was assessed as confinement in the State Penitentiary for a period of from twenty-five (25) to seventy-five (75) years. This appeal is from that judgment and sentence.

Defendant first contends that the trial court committed error in the second stage of the trial proceedings, when the prosecutor was permitted to read to the jury the informations filed in his former convictions. He asserts that such action on the part of the prosecutor enflamed the jury and resulted in his excessive sentence. We have carefully reviewed the record and find that defendant's contention in this respect is well taken. The State did read the former informations to the jury and defense counsel entered his objection thereto. This Court has held on numerous occasions that it is improper to introduce or read the information, which was the charge in the former convictions, during the second stage of the proceedings. We must therefore hold that it was improper in this case.

See: Baker v. State, Okl.Cr., 432 P.2d 935; and Ervin v. State, Okl.Cr., 351 P.2d 401.

■ Defendant secondly contends the trial court committed error when his motion for mistrial was denied, because of what he terms a "highly prejudicial statement made by the prosecuting witness." The basis for this complaint lies in the fact that when the prosecuting witness was instructed to walk to the man who robbed his store, and to place his hand on the man's shoulder. The witness walked to the defendant—placed his hand on defendant's shoulder and remarked, "This is the bum right here." Defendant entered his motion for a mistrial which the trial court denied. Thereafter the Judge admonished the jury to disregard the remark made by the witness. In an effort to sustain his proposition, defendant cites Nalls v. United States, 5 Cir., 240 F.2d 707, which holds that where the effect of an improper answer cannot be eliminated by an instruction by the court to disregard it, the party prejudiced is entitled to have a mistrial. However, in the instant case we do not believe the remark complained of is of such prejudicial nature, as to constitute that type prejudice, to which the Federal Court was referring. Defendant also cites cases from this Court which have criticized police officers while testifying as a witness made voluntary prejudicial remarks concerning the defendant. Again, we do not accept the comparison attempted by defendant in this case, and therefore deny this contention of error.

■■ Defendant's third assertion of error contends that the trial court erred in overruling his Motion for New Trial, based upon newly discovered evidence. When the motion was presented to the trial court, it was denied on the grounds that the evidence was merely cumulative and as such was not newly discovered evidence; and insofar as the defendant's defense of alibi had been submitted to the jury—which the jury chose not to believe —the trial court denied the motion for new trial. Attached to the motion were several affidavits of persons other than those who testified, which tends to support defendant's alibi. We believe the trial court was correct in its ruling. The general rule is that a new trial on grounds of newly discovered evidence will not be granted except where there is reasonable probability that if the new evidence had been introduced, a different result would have been reached by the jury. In this case, there is little doubt that the additional evidence would not have changed the verdict of the jury. The record before the Court reflects that defendant was identified, as the person who robbed the Safeway Store, by one of the store customers, the lady who operated the check cashing counter, and the store manager. We therefore conclude that the trial judge was correct in his denial of defendant's motion for new trial. See: Walters v. State, Okl.Cr., 403 P.2d 267; and, Haga v. State, Okl.Cr., 425 P.2d 483.

The Court is therefore of the opinion, after carefully reviewing the record before the Court, that defendant received a fair trial by jury, according to due process of law; and therefore the judgment of the Tulsa County District Court, in that court's case number 22,359 should be affirmed.

■ The Court is further of the opinion, that insofar as the trial court committed error, as contended in defendant's first proposition pertaining to the second stage of the proceedings, that the sentence assessed this defendant by the jury resulted from the error of reading the informations filed in his former convictions and is therefore excessive; and consequently in the proper administration of justice the sentence imposed in this case should be modified.

IT IS THEREFORE THE ORDER OF THIS COURT that the sentence imposed on defendant in this case should be modified from twenty-five to seventy-five years

confinement in the state penitentiary to a sentence of twenty-five (25) years, and as modified the judgment and sentence is affirmed.

Judgment and sentence, as modified, affirmed.

BUSSEY and NIX, JJ., concur.