Albert Lawson TILLEY, Appellant,

v.

STATE of Oklahoma, Appellee.

No. A–18206.

Court of Criminal Appeals of Oklahoma.

June 13, 1973.

Tony L. Waller, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

BLISS, Presiding Judge:

In the District Court of Pawnee County, Case No. 11741, appellant, Albert Lawson Tilley, was charged, waived jury trial, was tried by the court and convicted for the offense of Driving a Motor Vehicle While Under the Influence of Intoxicants. His punishment was fixed at fifteen (15) days imprisonment in the county jail and he was assessed a fine of two hundred dollars ($200). From that judgment and sentence, he pursued a constitutional appeal to this Court which was dismissed for a jurisdictionally fatal defect. Thereafter, defendant made application to the District Court of Pawnee County for post-conviction relief. From the district court's denial of post-conviction relief, he has perfected his timely appeal to this Court.

At the trial, Officer Conway Blumer testified that at approximately 3:00 p. m. on June 15, 1969, he observed a one-ton white truck parked in front of the 99 Club located in Cleveland, Oklahoma. Throughout the day, he drove past this club and noticed the truck parked in the same location. At approximately 10:00 p. m. he observed this same truck stopped at a stop sign at the intersection of U. S. 64 and Cleveland. From this intersection he followed the same truck and observed this vehicle cross the centerline of the highway, forcing oncoming vehicles to the highway shoulder. Blumer sounded his siren. Defendant continued driving for approximately three and one-half blocks, turned upon a city street and halted in front of his residence. Defendant stumbled from his vehicle, had an odor of alcohol on his breath, and had to be aided by officers to keep him from falling. Blumer placed defendant under arrest, after which defendant became belligerent and violent and refused to go voluntarily to the police station. A scuffle ensued culminating in officers using mace to subdue defendant. Further, Blumer testified defendant's pick-up was later searched with a bottle of vodka confiscated in the search.

Officer Don Cochran testified that he was the desk sergeant on duty at the time defendant was booked for the above offense. Cochran testified that at the time of booking, defendant became belligerent and a scuffle ensued resulting in him receiving a hand and arm injury which required medical treatment. Thereafter, the State rested.

For the defense, Mrs. Fay Young Floor, Juanita Martin Reeves, Patsy Nell Tilley, Steven Wayne Tilley, and defendant testified that defendant had in 1957 received a head injury in a motor vehicle accident and that as a result of this accident he was continually under heavy medication. Generally, the defense established the defendant's erratic behavior was caused by this medication.

Defendant stated he arrived at the 99 Club between 6:00 and 7:00 p. m. on the above evening and stayed approximately thirty minutes during which he drank one beer. Further, the evidence received from these witnesses generally established they perceived no odor or only a slight odor of alcohol about the defendant's person. Also

their testimony revealed that defendant did not scuffle with the arresting officers, but only argued with them. Finally, they unanimously voiced their observation that defendant did not appear to be drunk at the time of arrest. Thereafter, the Defense rested.

In defense counsel's first proposition a new trial is requested on ground counsel has discovered new evidence which he contends, if heard by the trial court, would result in the case being resolved in defendant's favor. Defendant submits the testimony of a Mr. D. R. Atwell, owner of the 99 Club, would establish defendant arrived at the club between 7:00 and 8:00 p. m. on the mentioned date and remained there only twenty to twenty-five minutes during which time he consumed one can of beer. Further, it is submitted this testimony would establish defendant did not appear drunk when he left the club.

 Generally, a motion for new trial on ground of newly discovered evidence must be supported with some proof the submitted evidence could not, with reasonable diligence, have been discovered prior to trial. Wafers v. State, Okl.Cr., 444 P. 2d 825 (1968). Further, a motion for new trial on ground of newly discovered evidence should not be granted unless the evidence would have a probable effect on the verdict. Jones v. State, Okl.Cr., 464 P.2d 767 (1969).

 In the case at bench the trial judge who resolved the factual controversy without a jury determined by overruling the motion for new trial, which included an argument pertaining to this new evidence, the new evidence would not effect his resolution of the factual controversy. It is apparent by his ruling, that this testimony probably would not effect his determination. Further, the evidence is of such a character that reasonable diligence should have produced this testimony prior to trial. Considering the above factors, we cannot say the trial court abused its discretion in not ordering a new trial upon the discovery of this evidence.

In defendant's second proposition it is urged that the trial court erred in permitting testimony pertaining to prior unlawful and prejudicial actions of the defendant in two particulars.

 First, arresting Officer Blumer testified that some thirty minutes after the first encounter with the defendant, he returned to the defendant's truck, which had been moved a short distance by a Mr. Reeves, for the purpose of taking it into possession and that he found on the driver's side of the seat of the truck a pint bottle containing about one-third of a pint of vodka. No objection was made by defense counsel to this testimony. There was no evidence as to the possession and security of the truck during the arresting officer's absence while taking the defendant to jail and a fellow officer, injured by the violence of the defendant at the jail, to a hospital, and, no doubt, had there been an objection the testimony would have been excluded, but there was none. Hence, there was no error. Moreover, the record is replete with other evidence that warranted the court in finding the defendant was under the influence of intoxicants as charged in the Information.

 Second, the defendant complains that the court permitted the State's attorney to cross-examine defense witness Fay Young Floor, over objection, by asking her if she had ever seen the defendant drunk prior to the alleged incident. However, the transcript reflects that witness Floor in her direct examination had testified that she was well-acquainted with the defendant and that he had and did suffer from a heart condition requiring heavy medication of drugs, and that she had observed the defendant immediately before and at the time of the arrest in question. Witness Floor, after relating her experiences of having "worked with alcoholics and drug addicts in several places . . ." and stating "I know a drunk man when I see one and I also know a drug addict," gave her opinion that the defendant was sober at the time of his arrest and that the apparent symptoms

of intoxication were caused by drug medication. The cross-examination of the witness by asking her if she had ever seen the defendant drunk was within the scope of the direct examination and did not constitute error.

 Additionally, counsel for the defense argues the court erred in admitting defendant's refusal to take blood alcohol tests. We note counsel did not object to this testimony. This Court has held in previous decisions that where the defendant in a prosecution for operating a motor vehicle while under the influence in intoxicating liquor does not object to testimony by arresting officer that defendant had refused to take a blood or breath test, admission of the testimony does not require reversal. See Simmons v. State, Okl.Cr., 485 P.2d 489 (1971). The absence of the objection in the instant case forfeited defendant's right to complain about this evidence on appeal.

In defendant's final proposition, he submits the evidence is insufficient to support a conviction for the offense of driving while under the influence of intoxicants. Generally, evidence establishing an officer observed defendant's vehicle weaving on the highway and defendant was intoxicated at the time of arrest is sufficient to sustain a conviction. Lippoldt v. State, Okl.Cr., 271 P.2d 745 (1954). Conflicting testimony presents a question for the trier of the facts. We have repeatedly held the trier of the facts is the exclusive judge of the weight of the evidence and the credit to be given to the witness. Where there is a direct conflict in the evidence, or it is such that different inferences may be properly drawn from it, the trier of the facts determination will not be interfered with upon the ground that evidence is insufficient to sustain a conviction, where there is competent evidence in the record from which the trier of the facts might reasonably conclude that the defendant is guilty. See Jackson v. State, Okl.Cr., 494

P.2d 358 (1972). We find the evidence sufficient and this proposition consequently without merit. Therefore, the judgment and sentence is affirmed.

BUSSEY and BRETT, JJ., concur.