**Fred Elroy TUCKER, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–79–420.**

Court of Criminal Appeals of Oklahoma.

Nov. 3, 1980.

Rehearing Denied Dec. 5, 1980.

Johnie R. O'Neal, Asst. Public Defender, Tulsa, and appellant pro se, for appellant.

Jan Eric Cartwright, Atty. Gen., David W. Lee, Asst. Atty. Gen., Jennie L. McLean, Legal Intern, for appellee.

## OPINION

CORNISH, Presiding Judge:

The appellant brings this appeal from a conviction in the District Court of Tulsa County, Oklahoma, Case No. CRF–78–3195, for the offense of Robbery With Firearms, After Former Conviction of Two Felonies. His punishment was set at forty (40) years in the State penitentiary.

The incident giving rise to the conviction occurred about 11:00 p. m. on November 30, 1978. The victim, Blaine W. Waites, Sr., manager of an apartment complex, testified that while making repairs in the kitchen of an apartment the lights went off, and he felt a gun pressed to his head. He turned and observed two persons: one was wearing a three–quarter length denim jacket; the other he could not clearly see in the shadows. After stating he did not have any money, the victim was struck several times by the robbers. During this incident Mr. Waites said to the robber, "I know you from somewhere. I recognize you." After ordering the victim to disrobe and threatening to kill him if he called the police, the two robbers fled.

Later the victim realized that one of the robbers was the same man who had recently applied for a job at the apartment complex. Mr. Waites gave the robber's job application to the police, which resulted in the issuance of an arrest warrant naming the appellant.

The actual arrest was effected by Tulsa police officer George Smith. His testimony reflects that he was given entrance to the appellant's home by the appellant's mother. The appellant was arrested in a bedroom where the officer also seized a denim jacket.

Only two issues are raised on appeal: (1) the admissibility of illegally seized evidence; and (2) prejudicial remarks by the prosecutor made during the trial.

Following a pretrial hearing on the appellant's motion to suppress, the trial court determined the denim jacket was admissible in evidence. The appellant contends this is reversible error.

The record reflects the jacket was seized at the scene of the arrest after Officer Smith saw the sleeve of the jacket in a pile of clothes on the floor. One exception to the warrant requirement for admissibility of evidence is the "plain view" doctrine. To justify seizure of an object in plain view: (1) it must be immediately apparent that it is evidence of a crime, *Kinsey v. State*,

Okl.Cr., 602 P.2d 240 (1979); *Coolidge v. New Hampshire*, 403 U.S. 433, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); (2) the officer must have a prior justification for his presence and a lawful right to be there, *Clayton v. State*, Okl.Cr., 555 P.2d 1310 (1976); and (3) the discovery of the evidence must be inadvertent, *Abbott v. State*, Okl.Cr., 565 P.2d 691 (1977).

■ All three requirements for a warrantless "plain view" seizure are met in the instant case. Officer Smith was lawfully in the appellant's bedroom with a valid warrant for the appellant's arrest. There is nothing in the record to indicate that the finding of the jacket was anything but inadvertent. In addition, the victim's description of the robber included a denim jacket, thus, giving the officer reasonable cause to believe the article was related to the crime. We hold the trial court properly overruled the appellant's motion to suppress.

■ Next urged as reversible error is the combined effect of allegedly prejudicial remarks by the prosecutor throughout the trial. In the first two instances complained of no objection was made to the remarks, nor was the court requested to admonish the jury to disregard the statements, with an exception taken to the court's ruling. When this is not done the appellant is deemed to have waived any objection unless the remarks are so fundamentally prejudicial that the court cannot correct the error by instructions to the jury. *McCall v. State*, Okl.Cr., 539 P.2d 418 (1975). We find these comments are not so grossly improper as to require reversal. *Utt v. State*, Okl. Cr., 595 P.2d 448 (1979).

■ Reference by the prosecutor to the appellant's potential to kill Mr. Waites are likewise within the bounds of proper argument. Counsel for both the State and the appellant have a right to discuss fully from their standpoints the evidence and the inferences and deductions arising therefrom. *Deason v. State*, Okl.Cr., 576 P.2d 778 (1978). The record reflects the appellant put a gun to Mr. Waites' head, struck him repeatedly, stated, "I ought to shoot you,"

and threatened to kill Mr. Waites if he called the police. In light of this evidence, we find no prejudicial error.

■ Relying on *Cooper v. State*, Okl.Cr., 584 P.2d 234 (1978), the appellant further argues the prosecutor's remarks to the jury that their verdict speaks the "conscience of this community," injected additional issues other than guilt or innocence. We think the comment in the instant case served only as a reminder to the jury that they are the triers of fact, and, unlike the remarks in *Cooper*, was not improperly injected as a play on the jury's emotions.

■ We do, however, find the deterrence line of argument by the prosecutor to be error under *Herrod v. State*, Okl.Cr., 512 P.2d 1401 (1973). While this may have prejudiced the jury in that a sentence in excess of the minimum was imposed, it is not a ground for reversal; it may only result in modification of the sentence. *Satterlee v. State*, Okl.Cr., 549 P.2d 104 (1976).

■ In his pro se brief, the appellant first contends that the stipulation entered into by his attorney, was a denial of his right to have the prior convictions named in the information proven beyond a reasonable doubt. This contention is based on the erroneous assumption that the stipulation concerned the existence of the former convictions themselves. In fact, it concerned only what certain State's witnesses would testify to if called.

■ The stipulation in no way relieved the State of its burden of proof. Furthermore, this burden was met. Copies of the judgments and sentences with the name of the appellant appearing thereon were entered in evidence. This alone, in the absence of rebutting evidence, could have supported a finding that there had been former convictions. *Williams v. State*, Okl.Cr., 364 P.2d 702 (1961). Such a finding was merely buttressed by the stipulation of the appellant.

■ Second, the appellant asserts that the stipulation constituted a waiver of his right to confront and cross-examine the

State's witnesses, and because he was not consulted prior to the stipulation, he says it was not knowingly and voluntarily entered into as required by *Cox v. Hutto,* 589 F.2d 394 (8th Cir. 1979). While that case required a stipulation that the former convictions themselves be knowingly and voluntarily entered into, the Court felt that such a stipulation is in effect a guilty plea to a separate charge. The instant case is distinguishable. The stipulation was not to the former convictions, but only to what certain testimony would be. Given the fact that the judgments and sentences reflecting the appellant's convictions had been entered in evidence, the appellant was prima facie proven to have been formerly convicted of felonies. *Williams v. State,* supra. The stipulation, therefore, merely strengthened the proof. It is apparent that the compelling policy considerations present in *Cox v. Hutto,* supra, and in guilty plea situations, *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), for requiring a determination that the plea or stipulation was knowing and voluntary, are not present in this case. The appellant waived his right to confront and cross–examine the State's witnesses as to his former felony convictions.

 Finally, the appellant contends that he was not represented by effective counsel. The standard adopted by this Court is that a defendant is entitled to a counsel of reasonable skill and competence. *Johnson v. State,* Okl.Cr., 620 P.2d 1311 (F–78–396, October 22, 1980); *Dyer v. Crisp,* 613 F.2d 275 (10th Cir. 1980). The assistance rendered by the defense counsel in this case did not fall below that standard.

Based on the foregoing the judgment and sentence is modified from forty (40) years to thirty (30) years' imprisonment, and, AS MODIFIED AFFIRMED.

BRETT, and BUSSEY, JJ., concur.