Kevin WILLIAMS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–81–389.

Court of Criminal Appeals of Oklahoma.

April 12, 1983.

Thomas J. Ray, Jr., Oklahoma County Public Defender, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen., Robert W. Cole, Asst. Atty. Gen., State of Oklahoma, Oklahoma City, for appellee.

## OPINION

BUSSEY, Presiding Judge:

The appellant, Kevin Williams, was convicted of Burglary in the First Degree, Af-ter Former Conviction of a Felony, and Attempted Rape in the First Degree, After Former Conviction of a Felony, in Oklahoma County District Court, Case No. CRF–80–2397, was sentenced to life imprisonment on each count (to run concurrently), and he appeals.

### I.

In his first assignment of error, the appellant alleges that the trial court erred in permitting the State to introduce evidence of another crime not charged in the information. As this Court has stated on numerous occasions:

> The rule is fundamental that evidence of separate and similar offenses is not admissible against an accused on trial for another separate and similar offense. *Atnip v. State,* 564 P.2d 660 (Okl.Cr.1977). However, there are five exceptions to this time-honored precept of law. Evidence of other offenses may be admissible where it tends to establish motive, intent, absence of mistake or accident, identity or a common scheme or plan which embraces the commission of two or more crimes so related to each other that proof of one tends to establish the other. *Bruner v. State,* 612 P.2d 1375 (Okl.Cr. 1980).

Williams contends that admission of testimony by the victim and the investigating officers, regarding a burglary which had occurred at the prosecutrix's residence a week prior to the commission of the crimes for which he was convicted, constituted reversible error.

The prosecutrix testified that at about 3:30 a.m. on June 16, 1980, she awoke from sleep in her bed and found a black man, whom she positively identified as the appellant, in her bedroom. He pointed a gun at her head and told her, "Don't move or I'll kill you." He then threw the gun in a corner of the bedroom and proceeded to jump on her bed. A lengthy struggle ensued in which the victim was able, by the slimmest of margins, to avoid the unwanted intrusion of her body by the appellant. When the prosecutrix slid on her back down

a flight of thirteen (13) stairs with the nude appellant on top of her, the appellant announced that he was going back up the stairs, get his things and leave. The victim was then able to run to a neighbors house and call the police. While the police were still at the crime scene, the prosecutrix received a telephone call. She immediately recognized the voice of the caller as that of her assailant, and also as the person who had called a week earlier to tell her that he knew how she could get the goods taken in the burglary, which had just then occurred, returned. Following the orders of Officer Juan Beal, who was listening to the conversation on an extension line, the prosecutrix agreed to the appellant's offer to return the stolen goods in exchange for sex. Williams was arrested by Officer Beal halfway up the stairs in the victim's home shortly thereafter; and a phone bill of hers, which had been taken in the prior burglary, was found in Williams' back pocket. It is this testimony of the prosecutrix, together with the testimony of the investigating officers regarding the similar methods of entry utilized in getting into the home in both burglaries, and statements made to them by the appellant, which are alleged to have been improperly admitted. We do not agree. We find that the trial court properly admonished the jury and allowed the evidence to be introduced. See, *Bruner*, supra. This assignment of error is without merit.

## II.

■ In another assignment of error, the appellant argues that the trial court erred in failing to suppress the statements he made to the police officers, a group picture

containing the victim and her co-workers (State's Exhibit Number 2), and a gun (State's Exhibit Number 3), both of which were found in the attic of Williams' home exactly where he told officers they were located. The record before us reflects that Williams was read his *Miranda* warnings, which he stated he understood, and he was informed that if he desired to talk with the officers he would have to sign a waiver, which he did sign, as well as a consent to search form. In an in camera hearing, the appellant admitted that he signed the consent forms, knew what they meant and agreed to them of his own free will.[1] The record before us is void of any evidence which would lead us to the conclusion that the appellant's consent was coerced or anything other than voluntary. This assignment of error is without merit. See, *Holmes v. State*, 568 P.2d 317 (Okl.Cr.1977).

## III.

■ The appellant also alleges that the trial court erred by allowing a stipulation that he was one and the same person who was convicted of Armed Robbery on October 7, 1971, in the District Court of Jefferson County, Commonwealth of Kentucky, Case No. 145,021, that he was represented by an attorney and that the judgment and sentence in said case was final. The record before us reflects that the appellant consulted with his attorney and then the stipulation was entered into by the parties. Appellant contends that the stipulation was in effect a guilty plea, which failed to comply with due process requirements; he relies upon the case of *Cox v. Hutto*, 589 F.2d 394 (8th Cir.1979). We have previously addressed the issue now before us, and for the

---

1. The record reveals the following responses by the appellant to questioning by the prosecutor:

Q. Did you read those rights?
A. Yes, ma'am.
Q. Did you understand them?
A. Uh huh.
Q. And did you tell the police you would talk to them?
A. Yes, ma'am.
Q. Okay. And then you did talk to them, right?
A. Right.

Q. And then did you sign this permission to search?
A. Yes, ma'am.
Q. And you knew what that meant, that they would go search your home?
A. (Nodded head up and down.)
Q. And you agreed to that, right?
A. Yes, ma'am.
Q. And you did that of your own free will?
A. Yes, ma'am.
    MS. PALMER: Okay. No further questions.

reasons stated in *Tucker v. State,* 620 P.2d 1314 (Okl.Cr.1980), this assignment of error is without merit. A copy of the judgment and sentence, with the name of the appellant appearing thereon, was entered into evidence; this alone, in the absence of rebutting evidence, could have supported the jury's finding. The stipulation was not to the former conviction, but only what certain testimony would be; the appellant waived his right to confront and cross-examine the State's witnesses as to his former felony conviction. See, *Tucker,* supra.

### IV.

Lastly, the appellant argues that his punishment is excessive. This was the appellant's second conviction of crimes in which a firearm was used; we are unable to say that under all the facts and circumstances that the sentences are so excessive as to shock the conscience of the Court. *King v. State,* 640 P.2d 983 (Okl.Cr.1982); *Dilworth v. State,* 611 P.2d 256 (Okl.Cr. 1980).

The judgments and sentences are AFFIRMED.

CORNISH, J., concurs.

BRETT, J., concurs in results.