Randall Eugene CANNON, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–86–266.

Court of Criminal Appeals of Oklahoma.

March 3, 1992.

Patti Palmer, Deputy Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., Terry J. Jenks, A. Diane Hammons, Asst. Attys. Gen., Oklahoma City, for appellee.

## OPINION

LANE, Presiding Judge:

Randall Eugene Cannon was convicted of First Degree Murder, Burglary in the First Degree, Robbery in the First Degree, Kidnapping, Larceny of a Motor Vehicle, Arson in the Third Degree, Rape in the First Degree and Anal Sodomy. He was tried jointly with a co-defendant, Loyd Winfred Lafevers, before a jury in Oklahoma County District Court, Case No. CRF–85–3254. Both Appellant and his co-defendant were found guilty on all counts and sentenced to death for the First Degree Murder charge. Both men were also sentenced to terms of 20 years, 100 years, 100 years, 20 years, 15 years, 250 years and 250 years respectively on the other counts. Appellant has filed this appeal seeking reversal of his convictions. We find that we must grant the requested relief insofar as the murder, rape, sodomy and arson convictions are concerned. All other counts, however, are affirmed.

The facts of this case are detailed in the opinion previously rendered with regard to

Appellant's co-defendant, Lafevers. *See Lafevers v. State*, 819 P.2d 1362 (Okl.Cr. 1991). Briefly stated, Appellant was convicted of the death of eighty-five year old Addie Hawley. Hawley was raped, sodomized, beaten and then burned after being abducted from her home. Appellant was also convicted of having robbed Hawley, burglarizing her home and burning her car.

In his first two propositions of error, Appellant claims that the trial court erred when it denied his request for a trial separate from that of his co-defendant, Lafevers. Concomitant with that denial, Appellant was required to share the nine allowed preemptory challenges during the voir dire proceedings. In *Lafevers*, we found that the denial of separate trials and the full complement of preemptory challenges constituted reversible error. We held that the two defendants presented mutually antagonistic defenses with respect to the charges for Murder, Third Degree Arson, First Degree Rape and Forcible Anal Sodomy. We discussed the multitude of fundamental errors which occurred when the two men were forced to share a single trial. For the same reasons expressed in *Lafevers*, we find that we must also reverse the same convictions in the present case. Accordingly, Appellant's convictions for Murder, Third Degree Arson, First Degree Rape and Forcible Anal Sodomy are REVERSED and REMANDED to the district court for a new trial.

Having reversed these convictions, we need only discuss the remaining allegations of error which impact the convictions for kidnapping, burglary and robbery. The first allegation is found in Appellant's Proposition III, where he attacks the Oklahoma system of jury selection because it allows an exemption for those members of the community over seventy years old. We have previously rejected this claim on several occasions. *Fox v. State*, 779 P.2d 562 (Okl.Cr.1989) *cert. denied*, 494 U.S. 1060, 110 S.Ct. 1538, 108 L.Ed.2d 777 (1990); *Moore v. State*, 736 P.2d 161 (Okl.Cr.1987), *cert. denied*, 484 U.S. 873, 108 S.Ct. 212, 98 L.Ed.2d 163 (1987). Appellant fails to provide any persuasive reason why our opinion should change.

In his second proposition concerning jury selection, Proposition IV, Appellant contends that the trial court erred when it refused to allow individual questioning of potential jury members. Appellant properly recognizes that there is no right to sequestered, individual questioning during jury selection. *Irvin v. State*, 617 P.2d 588 (Okl.Cr.1980). However, he claims that statements made by a number of potential jurors were prejudicial and deprived him of his right to a fair trial. We disagree.

We considered an identical issue in *Vowell v. State*, 728 P.2d 854, 857–58 (Okl.Cr. 1986), wherein we held:

> Appellant requested individual voir dire of jurors, as well as sequestration of them during voir dire. Appellant did not have a right to either request, though such may be allowed by the trial court....

> The existence of extensive pretrial news coverage does not itself demand individual or sequestered voir dire.... The crux of the issue is whether [a] defendant can receive fair and impartial jurors.... An exhaustive voir dire was conducted accounting for nearly seven hundred pages of transcript, and as previously noted, an apparently impartial jury was selected.

We find no reason to reach a different conclusion in this case. There is no indication that Appellant was not able to properly conduct a constitutionally adequate *voir dire*. Although he claims that the jury was unfair, he does not specify any individual members of the panel which may have been improperly allowed to serve. There was extensive questioning and all those chosen swore that they could be fair and impartial jurors. While the limited number of preemptory challenges may, in some situations, impact the makeup of the jury, Appellant has failed to establish that there

were individuals on the jury which he would have challenged had he been allotted more. *Ross v. Oklahoma*, 487 U.S. 81, 108 S.Ct. 2273, 101 L.Ed.2d 80 (1988). Accordingly, we must conclude that the very thorough *voir dire* proceedings undertaken in this case resulted in the fair and impartial jury to which Appellant is entitled.

█ The next issue which we must address involves Appellant's claim that his convictions for robbery, burglary and larceny violate the rules against double jeopardy. Specifically, he claims that the crimes were so related that they must be treated as the commission of only one crime. We disagree.

█ Although this claim was not made at trial, we have held that claims involving principles of double jeopardy are so fundamental that a failure to object at trial will not waive the right to appeal on this issue. *Hunnicutt v. State*, 755 P.2d 105, 109 (Okl. Cr.1988). Accordingly, we will review the merits of the claim.

█ We have long held that merely because multiple transgressions are committed in the criminal episode, a defendant does not escape punishment for each separate offense where proper. *Salyer v. State*, 761 P.2d 890 (Okl.Cr.1988); *Hunnicutt v. State*, 755 P.2d 105 (Okl.Cr.1988); *Hale v. State*, 750 P.2d 130 (Okl.Cr.1988), *cert. denied*, 488 U.S. 878, 109 S.Ct. 195, 102 L.Ed.2d 164 (1988); *Brecheen v. State*, 732 P.2d 889 (Okl.Cr.1987), *cert. denied*, 485 U.S. 909, 108 S.Ct. 1085, 99 L.Ed.2d 244 (1988). Punishment for multiple offenses committed as a part of the same criminal activity are appropriate if the establishment of the individual crimes requires proof of an additional fact or facts which sets it apart from the other offenses. *Turner v. State*, 786 P.2d 1251 (Okl.Cr. 1990).

█ In this case, the only proof which the three crimes at issue have in common is that they were all committed at Addie Hawley's home. Burglary is complete

upon the entry of the home. *Brecheen*, 732 P.2d at 899. The robbery involved the subsequent theft of property from Mrs. Hawley through the use of force or violence, which is distinctively different from either burglary or larceny of an automobile. *Thompson v. State*, 748 P.2d 526 (Okl.Cr.1988). There is no double jeopardy violation with respect to these three crimes.

In Proposition IX, Appellant makes a two fold argument concerning rulings by the trial court which he claims impeded his ability to question two witnesses. He claims first that he was not allowed to inquire into the facts underlying the arrest of David Bruce Hawkins, a former cellmate of Lafevers who testified in great detail about statements made by Lafevers concerning this crime. Hawkins' testimony indicted that Lafevers was the more culpable of the two men and had committed the rape of Mrs. Hawley.

█ Appellant's argument is incongruous in that he claims that it was error (to which he failed to object) to have allowed inquiry into the nature of the charges for which Hawkins was arrested and charged, but then he claims that he should have been allowed to inquire into the substantial facts behind the arrest. We need not address the first portion of the claim since Appellant has waived consideration of error by his failure to object at trial and disagree with his claim that he should have been allowed to go into all the collateral details of the crimes involved.

█ At the time of his testimony, Hawkins was awaiting trial on several charges. He had not been convicted and the testimony at trial involved identification of the crimes with which he had been charged. Appellant's failure to object to this testimony, allowing its admission, does not open the door in the face of a proper objection to other similarly improper testimony. In such a situation, the reasons for the arrest are irrelevant to the determination of the credibility of the witness. *McDonald v. State*, 764 P.2d 202 (Okl.Cr.

1988); *Fox v. State*, 321 P.2d 445 (Okl.Cr. 1958). The trial court was correct when it refused to allow the questions by Appellant. Neither the fact that charges were pending against the witness or the conduct which resulted in the arrest were properly admissible prior to conviction.

■ The second prong of Appellant's claim with respect to his examination of witnesses involves his attempted questioning of his brother, Sam Cannon, about statements previously made by Lafevers. The witness testified that Lafevers told him that he knew Mrs. Hawley and that he was going to "rape and burn and kill an old lady" if she did not have one hundred dollars. Tr. 723. When Appellant began to cross examine the witness about Lafevers' prior contact with Mrs. Hawley, both the State and Lafevers objected when the witness began to tell about a previous robbery of Mrs. Hawley. The trial court sustained the objections on the basis that the testimony would be overly prejudicial evidence of another crime. Appellant continued his examination about the declarations made by Lafevers without further reference to the prior robbery. Appellant now claims that he was denied the opportunity to establish that Lafevers was the "ringleader" through cross-examination about his prior encounter with Mrs. Hawley.

We do not find that the trial court impeded Appellant's ability to examine the witness in any demonstrable way. Testimony established that Lafevers had made the statements and went in to the content of the statements as well. The only testimony which was not allowed concerned another criminal incident where Lafevers apparently robbed Mrs. Hawley of three dollars. The facts underlying the actual occurrence were properly kept from the jury's consideration. *See Burks v. State*, 594 P.2d 771 (Okl.Cr.1979) overruled in part on other grounds, 772 P.2d 922 (1989). The testimony which was introduced concerning the threats made by Lafevers against Mrs. Hawley was more than adequate to establish the point which Appellant sought to make. We do not find that the trial court erred in disallowing the additional evidence of a previous robbery.

The final proposition which we must address concerns four comments made by the prosecutor which Appellant claims were so prejudicial that they denied his right to a fair trial. At the outset, we must note that Appellant has waived his ability to argue that the comments which drew no objection at trial constitute error. *Fowler v. State*, 779 P.2d 580, 589 (Okl.Cr.1989) *cert. denied*, 494 U.S. 1060, 110 S.Ct. 1537, 108 L.Ed.2d 775 (1990); *VanWoundenberg v. State*, 720 P.2d 328 (Okl.Cr.1986), *cert. denied*, 479 U.S. 956, 107 S.Ct. 447, 93 L.Ed.2d 395 (1986). None of the identified comments drew an appropriate objection at trial, thus we will review for fundamental error only.

■ The first two comments identified are alleged by Appellant to be unfair expressions of the prosecutor's personal opinion. The prosecutor told the jury on several occasions, "I want justice." Tr. 1084, 1099. We rejected an identical claim concerning the same comments in *Lafevers*, 819 P.2d at 1370 and see no reason to reach a different conclusion here. The balance of the comments were fair commentary on the evidence and do not constitute fundamental error. *Thomason v. State*, 763 P.2d 1182 (Okl.Cr.1988); *Smith v. State*, 737 P.2d 1206 (Okla.Cr.1987); *cert. denied*, 484 U.S. 959, 108 S.Ct. 358, 98 L.Ed.2d 383 (1987); *Plunkett v. State*, 719 P.2d 834 (Okl.Cr. 1986); *Tucker v. State*, 620 P.2d 1314 (Okl. Cr.1980).

PARKS, P.J. and BRETT·and JOHNSON, JJ., concurs.

LUMPKIN, V.P.J., concurs in part/dissents in part.

LUMPKIN, Vice Presiding Judge, concurring in part/dissenting in part.

I concur in the Court's decision to affirm the judgment and sentence for the offenses of Burglary in the First Degree, Robbery

in the First Degree, Kidnapping and Larceny of a Motor Vehicle. However, I must dissent to the Court's analysis of mutually antagonistic defenses based on the facts of this case and the Court's decision to reverse and remand for a new trial the convictions for Murder First Degree, Third Degree Arson, First Degree Rape and Forcible Anal Sodomy, for the reasons expressed in my separate opinion in *Lafevers v. State*, 819 P.2d 1362 (Okl.Cr.1991).