**F I L E D**

**UNITED STATES COURT OF APPEALS**

**AUG 28 1998**

**TENTH CIRCUIT**

RICHARD DOUGLAS HILL,

     Petitioner-Appellant,

v.

H.N. "SONNY" SCOTT,

     Respondent-Appellee.

No. 97-6436

(D.C. No. CIV-97-514-T)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BALDOCK**, **EBEL** , and **MURPHY**, Circuit Judges.[**]

---

Petitioner Richard Douglas Hill seeks a certificate of appealability to appeal the

district court's dismissal of his petition for a writ of habeas corpus filed pursuant to 28

U.S.C. § 2254. We conclude Petitioner has failed to make a substantial showing of the

denial of a constitutional right. Accordingly, we deny his request for a certificate of

---

     [*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

     [**]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

appealability and dismiss the appeal.

Petitioner, an inmate at the Lexington Correctional Center in Lexington, Oklahoma, was convicted of burglary in the first degree, robbery with a dangerous weapon, attempted rape in the first degree, and rape in the second degree by instrumentation. The court sentenced Petitioner to 30 years on the first two counts and 45 years on the second two counts, the sentences to run consecutively. Petitioner appealed the convictions to the Oklahoma Court of Criminal Appeals, which affirmed the convictions. On April 4, 1997, Petitioner filed his petition for habeas corpus relief in federal district court. On December 2, 1997, the district court dismissed the petition and refused to grant Petitioner a certificate of appealability. On appeal, Petitioner argues that (1) his convictions for both burglary and robbery arising out of the same criminal incident violates the Double Jeopardy Clause of the Fifth Amendment; and (2) the evidence was insufficent to support his conviction for rape by instrumentation.

Petitioner's argument that his convictions for both first degree burglary and first degree robbery, arising out of the same criminal transaction, violate double jeopardy is without merit. Under Oklahoma law, burglary and robbery are separate and distinct offenses; therefore, convictions for both do not violate double jeopardy. See Taylor v. State, 889 P.2d 319, 339 (Okla. Crim. App. 1995); Cannon v. State of Okla., 827 P.2d 1339, 1342 (Okla. Crim. App. 1992). Likewise, applying the "same evidence" test of Blockburger v. United States, 284 U.S. 299, 304 (1932), Petitioner's convictions do not

violate double jeopardy.  Under <u>Blockburger</u>, multiple convictions arising out of the same criminal conduct do not violate double jeopardy if each offense requires proof of a fact that the other offense does not.  <u>See</u> <u>United States v. Dixon</u>, 509 U.S. 688, 696 (1993).  In this case, different facts were required to prove burglary and robbery.  <u>See</u> <u>Cannon</u>, 827 P.2d at 1342.  Consequently, Petitioner's convictions for both offenses did not violate double jeopardy.

In regard to Petitioner's argument that the evidence was insufficient to support his conviction for rape by instrumentation, we have reviewed the record and conclude that the district court's decision is not reasonably subject to a different outcome on appeal. <u>See</u> <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983).

Because the district court's order denying Petitioner's habeas corpus petition is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings, we find that Defendant has not made a substantial showing of the denial of a constitutional right and DENY his request for a certificate of appealability and DISMISS the appeal.

Entered for the Court,


Bobby R. Baldock
Circuit Judge

3