F I L E D
United States Court of Appeals
Tenth Circuit

JUL 19 2000

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ANTHONY CHURCHWELL,

      Petitioner-Appellant,

v.

JAMES L. SAFFLE,

      Respondent-Appellee.

No. 00-6048

(D.C. No. CV-99-777-M)
(W.D.Okla.)

**ORDER AND JUDGMENT** *

Before **SEYMOUR** , Chief Judge, **EBEL** and **BRISCOE,** Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Anthony Churchwell appeals the district court's denial of his 28 U.S.C.

§ 2254 petition for habeas corpus relief. We exercise jurisdiction pursuant to 28

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

U.S.C. § 1291, deny permission to proceed on appeal in forma pauperis, deny a certificate of appealability, and dismiss the appeal.

I.

In 1997, Churchwell was convicted in Oklahoma state court of shooting with intent to kill (Okla. Stat. tit. 21, § 652), robbery with a firearm (Okla. Stat. tit. 21, § 801), and burglary in the first degree (Okla. Stat. tit. 21, § 1431), each after former convictions of two or more felonies. The trial court sentenced Churchwell to an aggregate 200-year sentence. Churchwell appealed to the Oklahoma Court of Criminal Appeals, arguing (1) the admission of his non-testifying co-defendant's confession violated Bruton v. United States, 391 U.S. 123 (1968), (2) his convictions for robbery and burglary violated the double jeopardy clause, and (3) the sentences imposed were excessive. The Oklahoma Court of Criminal Appeals rejected Churchwell's double jeopardy and excessive sentence claims, but concluded the admission of his co-defendant's confession violated Bruton. The court determined the error was harmless beyond a reasonable doubt because of the substantial evidence of Churchwell's guilt and affirmed his convictions and sentences.

Churchwell filed an application for post-conviction relief in state court, arguing (1) ineffective assistance of appellate counsel, (2) error in the admission of evidence of former convictions, (3) insufficient evidence of former

2

convictions, (4) ineffective assistance of trial counsel, (5) ineffective assistance of trial counsel because of conflict of interest, and (6) error in the acceptance of a stipulation as to his prior convictions. The state district court denied Churchwell post-conviction relief, concluding he did not prove ineffective assistance of appellate counsel and failed to show why he did not raise his remaining claims on direct appeal. Churchwell filed a motion to set aside the order, contending he did not receive a copy of the court's order and was unable to file a timely appeal. The state district court denied the motion, finding Churchwell was transferred to a new facility on December 2, 1998, but did not file a notice of change of address with the court until January 15, 1999, and that Churchwell had not demonstrated he was denied an appeal "through no fault of his own." Churchwell then filed a petition for writ of mandamus to order the state district court to grant him an appeal out of time or allow him to show he was denied an appeal through no fault of his own. The Court of Criminal Appeals denied the petition for mandamus, concluding Churchwell had not demonstrated he was denied an appeal through no fault of his own.

In June 1999, Churchwell filed a 28 U.S.C. § 2254 petition for habeas corpus relief in federal district court, alleging the same claims he raised on direct appeal and in his petition for post-conviction relief. The magistrate judge recommended that relief be denied. The magistrate determined the conclusions

of the Oklahoma Court of Criminal Appeals that the Bruton violation was harmless error and there was no double jeopardy violation were not contrary to, or an unreasonable application of, clearly established Supreme Court precedent. The magistrate concluded the sentence was within the statutory limits prescribed in Oklahoma for multiple habitual offender offenses. The magistrate further determined that Churchwell failed to exhaust his state law remedies on his remaining claims by not appealing the denial of post-conviction relief to the Oklahoma Court of Criminal Appeals. The magistrate noted there is an exception to the exhaustion requirement when the petitioner has procedurally defaulted his federal claims in state court and concluded that requiring Churchwell to exhaust his claims would be futile because they would be procedurally barred. The magistrate determined that Churchwell's procedural default in state court barred habeas review of his remaining claims. Churchwell objected to the magistrate's report and recommendation. The district court adopted the magistrate's report and recommendation, denied Churchwell's § 2254 petition, and denied Churchwell a certificate of appealability. The district court did not rule on Churchwell's motion to proceed on appeal in forma pauperis, so we will deem the motion denied.

## II.

On appeal Churchwell argues (1) the district court erred in not dismissing

his § 2254 petition without prejudice, (2) his conviction for robbery with a firearm and burglary violated the double jeopardy clause, and (3) the Bruton violation was not harmless error. In reviewing the denial of habeas relief, we review the district court's factual findings under a clearly erroneous standard and its legal conclusions de novo. Rogers v. Gibson, 173 F.3d 1278, 1282 (10th Cir. 1999), cert. denied, 120 S. Ct. 944 (2000). Section 2254(d) provides that a petitioner in the custody of a state court shall not be granted habeas relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

See Williams v. Taylor, 120 S. Ct. 1495, 1506-08 (2000) (clarifying § 2254(d) standard of review).

Churchwell contends the district court erred in denying his habeas petition rather than dismissing it without prejudice, because it contained a mixture of exhausted and unexhausted claims. Churchwell cites to Rose v. Lundy, in which the Supreme Court held that "a district court must dismiss habeas petitions containing both unexhausted and exhausted claims." 455 U.S. 509, 522 (1982). Churchwell did not raise this issue in his objection to the magistrate's report and recommendation, thereby waiving any objection. See United States v. One Parcel

5

of Real Property , 73 F.3d 1057, 1060 (10th Cir. 1996) (holding that "a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review").

We also conclude that Churchwell's dismissal argument is without merit. "[D]ismissal without prejudice for failure to exhaust state remedies is not appropriate if the state court would now find the claims procedurally barred on independent and adequate state procedural grounds." Smallwood v. Gibson , 191 F.3d 1257, 1267 (10th Cir. 1999) (citing Coleman v. Thompson , 501 U.S. 722, 735 n.1 (1991)). Churchwell would be barred from presenting these unexhausted claims again in a subsequent state post-conviction relief proceeding. See Okla. Stat. tit. 22, § 1086. This is an independent and adequate state procedural ground that bars his claims. See Smallwood , 191 F.3d at 1268 (defining "independent" and "adequate").

Churchwell contends his robbery with a firearm and burglary convictions violated the double jeopardy clause and the state court's decision to the contrary ignored Supreme Court precedent in Blockburger v. United States , 284 U.S. 299 (1932), and was an unreasonable application of clearly established federal constitutional law. The Oklahoma Court of Criminal Appeals cited Cannon v. Oklahoma , 827 P.2d 1339 (Okla. Ct. Crim. App. 1992), in concluding

6

Churchwell's convictions did not violate the double jeopardy clause. The court in Cannon concluded convictions for burglary and robbery did not violate the double jeopardy clause because the burglary was complete upon the entry of the home and the robbery involved the subsequent theft of property. Id. at 1342. Churchwell has not shown how the state court's decision was contrary to Supreme Court precedent or that it involved an unreasonable application of the facts.

Churchwell contends the state court's conclusion that the Bruton violation was harmless was contrary to, and an unreasonable application of, clearly established federal constitutional law. Bruton violations are subject to harmless error analysis. See United States v. Glass, 128 F.3d 1398, 1404 (10th Cir. 1997) (quoting Schneble v. Florida, 405 U.S. 427, 430 (1972)). The magistrate detailed the evidence against Churchwell establishing his guilt. See Report and Recommendation of Dec. 16, 1999, at 8-10. We agree there was overwhelming evidence of Churchwell's guilt, including the victim's testimony identifying Churchwell as the person who entered his home uninvited, pointed a gun at him, and took a ring from him. The admission of the co-defendant's confession was harmless beyond a reasonable doubt.

III.

We DENY Churchwell a certificate of appealability, DENY him leave to

7

proceed on appeal in forma pauperis, and DISMISS the appeal.  The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge
