**Ronnie Gene VICKERS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–74–839.**

Court of Criminal Appeals of Oklahoma.

July 15, 1975.

Bay, Hamilton, Renegar & Lees, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Michael Jackson, Asst. Atty. Gen., Byron L. Wilhite, Legal Intern, for appellee.

OPINION

BLISS, Judge:

Appellant, Ronnie Gene Vickers, hereinafter referred to as defendant, was charged with another, tried and convicted alone by a jury in the District Court, Oklahoma County, Case No. CRF–74–466, for the offense of Unlawful Distribution of a Controlled Dangerous Substance, Marihuana, in violation of 63 O.S.1971, § 2–401. The jury returned a verdict of guilty and assessed his punishment at two (2) years' imprisonment and a fine of One Thousand ($1,000.00) Dollars. From said judgment and sentence a timely appeal has been perfected to this Court.

Officer Thomas Huey, of the Edmond Police Department, testified for the State that on January 22, 1974, he was acting as an undercover narcotics agent. Huey stated that he was approached by a Kenneth Fennel in Smitty's Bar in Edmond, Oklahoma, to purchase some marihuana. According to Heuy, Fennel led him to the parking lot where they entered an automobile in which the defendant was seated. The defendant occupied the driver's seat, Huey occupied the passenger's seat, and Fennel was in the right rear seat. Huey

described the transaction which ensued. The defendant raised a towel covering the console of the car and produced a plastic baggie containing a green leafy substance. He handed the baggie to Huey and requested $10.00. Huey gave the defendant a $20.00 bill which the defendant was unable to change. The three then proceeded in defendant's car to obtain change which Fennel procured at the Eight Ball Lounge. Fennel gave the defendant and Huey $10.-00 each. Huey testified that later in the evening he marked the plastic baggie containing the green leafy substance and gave it to his superior, Lieutenant Faulkner.

Don Faulkner, Assistant Chief of Police at Edmond, Oklahoma, testified that Officer Huey turned over to him a plastic baggie containing a green leafy substance which he placed in an Oklahoma State Bureau of Investigation envelope and transported it to the Oklahoma State Bureau of Investigation for analysis.

By stipulation of counsel, the State related that Ann G. Reed, forensic chemist of the Oklahoma State Bureau of Investigation, if called, would testify that her chemical analysis of the substance received from Faulkner was marihuana.

The State then rested.

The defendant, testifying on his own behalf, stated that on the night in question he had been at Fennel's house where he placed several baggies containing marihuana in the console of his car. The defendant stated that he took the marihuana as payment for a debt owed to him by Fennel, and had no intention of selling it. The defendant related this version of the incident. Upon reaching Smitty's Bar, Fennel entered into a conversation with Huey and in the latter's presence Fennel asked the defendant whether he should sell Huey a baggie of marihuana. The defendant replied that the marihuana was Fennel's and to do with it as he wished. Defendant then went outside to his automobile. While there, Fennel and Huey came out and proceeded to get into defendant's automobile. According to the defendant, Huey handed him a baggie which defendant handed to Fennel and Fennel rolled a "joint." The baggie was handed back to defendant who returned it to Huey. The defendant testified he then took Fennel and Huey to get change for a $20.00 bill, but at no time did he receive any money from Huey or sell him any marihuana.

The defense then rested.

■■■ The defendant in his first assignment of error contends that the trial court erred in failing to instruct on the charge of possession of marihuana. A direct dialogue occurred between defendant's counsel and the trial judge in which counsel agreed that there was no ground for a possession instruction. This waiver is effective to preclude giving a lesser included offense instruction on possession. Repeatedly this Court has held that it is the duty of the defense counsel who desires a specific instruction to be given to request such instruction. If the instructions given generally cover the subject matter of the inquiry, as here, this Court will not reverse. *Schapansky v. State*, Okl.Cr., 478 P.2d 912 (1971). Therefore defendant's first assignment of error is without merit.

■■■ In his second assignment of error, defendant contends that the closing argument of the District Attorney was improper. In *Carter v. State*, Okl.Cr., 521 P.2d 85, 89 (1974), we stated:

" . . . this Court recently held that if an improper statement is made by the prosecution it should be called to the attention of the trial court by timely objection and a request made that the jury be admonished to disregard same."

See also, *Neal v. State*, Okl.Cr., 506 P.2d 936 (1973). Defense counsel adhered to this precept in only one instance, and the statement standing alone does not prejudice the defendant. All other objections to the closing argument were not properly raised and, therefore, are waived. Accordingly, there being no fundamental error, the defendant's second assignment of error is without merit.

■■ Defendant in his final assignment of error contends that the trial court erred in failing to grant defendant's Motion for a New Trial on newly discovered evidence. To be grounds for a new trial, newly discovered evidence must be such that it could not reasonably have been discovered prior to the trial and have probable effect on the verdict. *Tilley v. State*, Okl.Cr., 511 P.2d 586 (1973), citing with approval *Wafers v. State*, Okl.Cr., 444 P. 2d 825 (1968) and *Jones v. State*, Okl.Cr., 464 P.2d 767 (1969). The evidence in question could have been reasonably discovered. The trial defense counsel exercised his prerogative not to employ it. Therefore, defendant's third assignment of error is without merit.

After a thorough review of the record, for the above and foregoing reasons the judgment and sentence appealed from is *Affirmed*.

BRETT, P. J., and BUSSEY, J., concur.