No. 87–7116. HALE *v.* OKLAHOMA. Ct. Crim. App. Okla. Certiorari denied.

JUSTICE BRENNAN, dissenting.

Adhering to my view that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia,* 428 U. S. 153, 227 (1976), I would grant certiorari and vacate the death sentence in this case.

JUSTICE MARSHALL, dissenting.

Adhering to my view that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia,* 428 U. S. 153, 231 (1976) (MARSHALL, J., dissenting), I would grant the petition for writ of certiorari and vacate the death sentence in this case. But even if I believed that the death penalty could be constitutionally imposed under certain circumstances, I would grant the petition and vacate petitioner's death sentence for the same reasons that I expressed in *Brecheen* v. *Oklahoma,* 485 U. S. 909 (1988) (MARSHALL, J., dissenting from denial of certiorari).

Petitioner was convicted for the murder-kidnaping of the son of a prominent local banking family. Pretrial publicity was exten-

sive. All members of the jury had read or heard of the murder-kidnaping. Some jurors knew petitioner's family and some were acquainted with the victim's family. Six members admitted that they had formed opinions concerning the case. I do not doubt that their representations that they could set aside their opinions and listen to the evidence were sincere. But under the totality of the circumstances, I can only conclude that petitioner Hale, like the petitioner in *Brecheen,* was denied his constitutional right to a fair trial and to impartial sentencing because of Oklahoma's strong presumption against venue changes.