**Alvie James HALE, Jr., Petitioner,**

v.

**The STATE of Oklahoma, Respondent.**

**No. PC–89–942.**

Court of Criminal Appeals of Oklahoma.

Feb. 26, 1991.

266

Robert H. Henry, Atty. Gen., David Walling, Asst. Atty. Gen., Oklahoma City, for respondent.

Scott W. Braden, Asst. Appellate Public Defender, Norman, for petitioner.

OPINION

LUMPKIN, Vice Presiding Judge:

Petitioner Alvie James Hale, Jr. has appealed to this Court from an order of the District Court of Pottawatomie County denying his application for post-conviction relief in Case No. CRF–83–348. A direct appeal of Petitioner's conviction was filed with this Court and the conviction and death sentence were affirmed. *See Hale v. State*, 750 P.2d 130 (Okl.Cr.1988). Petitioner then filed a Writ of Certiorari with the Supreme Court of the United States which was denied. *See Hale v. Oklahoma*, 488 U.S. 878, 109 S.Ct. 195, 102 L.Ed.2d 164 (1988). Petitioner's subsequent Application for Post-Conviction relief was filed in the District Court of Pottawatomie County in December 1988. Hearings were held through the months of March, May and June, 1989, with the trial court denying the application August 17, 1989. It is this denial which the Petitioner appeals.

Petitioner raises thirteen (13) allegations of error. Eleven (11) of these allegations were either raised on direct appeal or could have been raised on direct appeal. Title 22 O.S.1981, § 1086 provides:

All grounds for relief available to an applicant under this act must be raised in his original, supplemental or amended application. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the prior application.

We have previously construed this statute to bar the assertion of alleged errors which could have been raised on direct appeal, but were not. *Jones v. State*, 704 P.2d 1138, 1140 (Okl.Cr.1985); *Ellington v. Crisp*, 547 P.2d 391, 392–93 (Okl.Cr.1976). Further, we have held that the doctrine of *res judicata* bars consideration in post-conviction

proceedings of issues which have been, or which could have been, raised on direct appeal. *Coleman v. State*, 693 P.2d 4, 5 (Okl.Cr.1984); *Castleberry v. State*, 590 P.2d 697, 703 (Okl.Cr.1979). Petitioner is therefore barred from asserting any claims which have been, or which could have been, raised previously in his direct appeal. It is not the purpose of the Post–Conviction Procedure Act, 22 O.S.1981, § 1080, *et seq.*, to provide a "second appeal under the mask of post-conviction application." *Ellington v. Crisp*, 547 P.2d 391, 393 (Okl.Cr.1976). In addition, only meritorious claims should be presented to ensure the litigation is properly expedited. *See* Rule 3.1, 3.2, Rules of Professional Conduct, 5 O.S.Supp. 1989, Ch. 18, App. 3–A.

In his first assignment of error, Petitioner contends that he was denied effective assistance of counsel. Specifically, Petitioner argues that trial counsel failed to challenge for cause six (6) jurors during voir dire who had preconceived notions of guilt, that counsel failed to investigate or present available evidence that other persons were involved in the kidnapping and death of the victim, that counsel failed to challenge the State's theory of the offense despite the availability of contradictory evidence, and that counsel did not investigate any aspect of Petitioner's background or present any of the available mitigating evidence to rebut the State's aggravating circumstances.

In his direct appeal, Petitioner argued that he was denied effective assistance of counsel. Specifically, he raised as error trial counsel's conduct during voir dire. This Court expressly addressed that allegation and determined that defense counsel's conduct was not deficient stating that "challenges to veniremen are a matter of trial technique which should not be second guessed with the benefit of hindsight." 750 P.2d at 139.

Petitioner's claims that defense counsel failed to use available evidence which was critical to the defense, that counsel failed to present an adequate defense in both first and second stage and that counsel's performance was deficient in failing to present mitigating evidence during the second stage were also raised on direct appeal. This Court determined that decisions concerning whether certain evidence and which witnesses should be used at trial are matters of trial strategy which this Court will generally not second guess on appeal. Further, we found that Petitioner had failed to meet his burden of showing that but for trial counsel's decisions, the result of the trial would have been different. 750 P.2d at 141–142. Therefore, as Petitioner's allegations of ineffective assistance counsel were raised on direct appeal, he is barred from raising them again on post-conviction.

In his second allegation of error, Petitioner again contends that he was denied effective assistance of counsel by the court's denial of trial counsel's motion to withdraw because of personal animosity to Petitioner. This issue was raised and specifically addressed by this Court in the direct appeal. 750 P.2d at 135. Accordingly, Petitioner is barred from raising the issue again on post-conviction.

Appellant contends in his third allegation of error that he was denied his right to a fair and impartial jury when the District Court refused to grant a change of venue. This issue was also raised and specifically addressed by this Court in the direct appeal. 750 P.2d at 134. Petitioner is therefore barred from raising the issue again.

In his fourth allegation of error, Petitioner contends that he is entitled to a new trial on the basis of newly discovered evidence. This new evidence, Petitioner argues, is an affidavit of prosecution witness Janet Miller stating that if she had seen a photograph of a Nick Johnson in addition to a photograph of the Petitioner in 1983, she would not have been able to identify the Petitioner as the man she saw outside her bathroom window. Petitioner also claims that a statement by Burney Bryant that persons other than Petitioner were involved in the kidnapping and murder of Jeff Perry constitutes newly discovered evidence.

In the Appellant's brief on the direct appeal, Petitioner challenged the identification by Janet Miller. This Court refused to accede to the Petitioner's request and con-

cede that the testimony of Ms. Miller was unreliable, stating "... even if it were, defense counsel impeached the witness' testimony, no objection to the identification was raised and the identification issue was not raised in the Petition in Error." 750 P.2d at 136. As this issue was adequately addressed on direct appeal, Petitioner is barred from again raising it on post-conviction.

■ Burney Bryant gave a statement to the F.B.I. two years after Petitioner was convicted. In that statement, Bryant claimed that he had a conversation with Mayo Bates in which Bates told him that Petitioner was not the only one involved in the murder of Perry. Petitioner states that the defense was furnished with only the first of two pages of the report in July 1987, receiving the second page in October 1989. After reviewing Bryant's statement at the post-conviction hearing, the trial court stated:

> The statement obtained from Burney Ray Bryant a.k.a. Butch Bryant in 1986 is unreliable and does not justify relief from this Court. The Court finds specifically that said Burney Ray Bryant a.k.a. Butch Bryant is an inmate in a Federal correctional facility and has numerous felony convictions in both State and Federal courts. The Court also finds that there is evidence to suggest that the said Burney Ray Bryant a.k.a. Butch Bryant has a motive to falsely incriminate Mayo Bates.
>
> The Applicant's evidence does nothing more than establish vague and unproven conjectures that more than one (1) person may have been involved in this murder.

The trial court's findings are supported by the record. Mr. Bryant had at least eight (8) prior convictions (State's Exhibit A). Petitioner has never disputed the fact that he participated in various aspects of the kidnapping and murder scheme. While claiming he was not the only one involved, Petitioner never offered any evidence as to the identity of any others involved in the scheme.

■ To be grounds for a new trial, newly discovered evidence must be such that it could not reasonably have been discovered prior to trial and have a probable effect on the verdict. 22 O.S.1981, § 952; *Bowen v. State*, 715 P.2d 1093, 1101 (Okl. Cr.1984); *Vickers v. State*, 538 P.2d 1134, 1136 (Okl.Cr.1975). Petitioner bears the burden of proving the existence of a probability that the newly discovered evidence, if presented at trial, would have changed the jury's verdict. *Green v. State*, 713 P.2d 1032, 1037 (Okl.Cr.1985). Whether a motion for new trial on the grounds of newly discovered evidence will be granted is within the discretion of the trial court and this Court will not reverse unless there is an abuse of that discretion. *Spuehler v. State*, 709 P.2d 202, 204 (Okl.Cr.1985).

In its findings of fact and conclusions of law, the trial court stated that it denied Petitioner's "request for re-hearing based primarily on the statement of Burney Ray Bryant ...". We do not find this to be an abuse of discretion and affirm the trial court's ruling.

In his fifth assignment of error, Petitioner contends that the State failed to reveal certain items of exculpatory evidence to the defense. The kidnapping and murder of Jeff Perry was investigated by the F.B.I. At the conclusion of the investigation, Petitioner was charged in state court and indicted in federal court. He was subsequently found guilty in both. Petitioner argues that in preparation for the state post-conviction proceedings, he prepared a Federal Freedom of Information request to gain access to all documents in the possession of the F.B.I. Petitioner states that the F.B.I. surrendered 699 out of 1112 pages. In examining the material, Petitioner contends that information not provided to him prior to trial violates the due process requirements of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

■ The alleged failure of the State to meet the requirements of a *Brady* request and turn over any exculpatory evidence to the defense is an issue which could have been raised on direct appeal. 22 O.S.1981, § 1086, provides two exceptions to the general bypass rule. The first exception ad-

dresses a situation in which a sufficient reason prevented the assertion of the error at trial or on direct appeal, such as a subsequent change in the law affecting petitioner's case. The second exception is intended to allow the petitioner to seek post-conviction relief when the bypass is occasioned solely by a procedural error of counsel. *See Jones* 704 P.2d at 1140.

■ In this case, Petitioner does not explain why he waited approximately six (6) years before seeking information allegedly in the possession of the F.B.I. At the post-conviction hearing, the trial court found this issue barred by *res judicata.* We agree and find that Petitioner is barred from raising this issue on post-conviction.

In his sixth allegation of error, Petitioner argues that his constitutional rights were violated when the State filed an Amended Bill of Particulars immediately prior to trial. This issue was raised and specifically addressed by this Court in the direct appeal. 750 P.2d at 139. Therefore, Petitioner is barred from raising the issue on post-conviction.

Petitioner contends in his seventh assignment of error that the aggravating circumstance that the murder was "especially heinous, atrocious or cruel" is constitutionally vague and unsupported by the evidence. This allegation was raised by Petitioner in his direct appeal. This Court responded that the jury was properly instructed that this particular aggravating circumstance was limited to those murders in which the death is preceded by torture or serious physical abuse. The evidence was held to be consistent with a finding that the victim suffered serious physical abuse prior to his death. 750 P.2d at 142–143.

■ Approximately one month after the opinion from this Court was issued, the United States Supreme Court decided *Maynard v. Cartwright,* 486 U.S. 356, 108 S.Ct. 1853, 100 L.Ed.2d 372 (1988). The Supreme Court stated that "especially heinous, atrocious or cruel", as applied in that case, was invalid as the instructions given to the jury failed to sufficiently channel the jury's discretion. In the present case, the jury did not receive the improper instruction given

in *Cartwright,* but received the entire instruction set forth in the Oklahoma Uniform Jury Instructions—Criminal, No. 436. This instruction has been held to sufficiently limit the jury's discretion in determining whether the crime by the petitioner was "especially heinous, atrocious, or cruel" and whether the death penalty is appropriate punishment. *Foster v. State,* 779 P.2d 591, 593 (Okl.Cr.1989). Therefore, *Cartwright,* does not constitute a subsequent change in the law affecting Petitioner's case and Petitioner is barred from raising this issue on post-conviction.

■ Petitioner contends in his eighth allegation of error that the evidence was insufficient to support the jury's finding of the aggravating circumstance that the victim was murdered to prevent lawful arrest or prosecution. This issue could have been raised on direct appeal and was not. Petitioner fails to offer a sufficient reason why he did not raise the issue on direct appeal nor does he assert that an intervening change in the law necessitates review of the issue on post-conviction. Therefore, Petitioner is barred from raising this issue on post-conviction.

■ In his ninth assignment of error, Petitioner contends that both aggravating circumstances found by the jury were not supported by the evidence. Therefore, his sentence of death must be modified to life imprisonment. This argument, that when one or more aggravating circumstance fails the death sentence must be modified to life, could have been raised on direct appeal and was not. Petitioner argues that this Court's decision in *Stouffer v. State,* 742 P.2d 562 (Okl.Cr.1987) (Opinion on rehearing), constituted a subsequent change in the law which prevented him from bringing the claim as part of his direct appeal. In *Stouffer* we determined that our position of refusing to speculate as to whether the jury would have imposed the death sentence in the absence of an invalid aggravating circumstance to be unnecessarily deferential in light of the authority and responsibility given this Court by the Legislature. Our decision that this Court is empowered

to reweigh the aggravating circumstances and the mitigating evidence to determine the appropriateness of the death penalty, should one or more aggravating circumstances fail, was held applicable to all future cases and to those cases then on direct appeal. Petitioner's case was on direct appeal at that time with a decision not forthcoming for approximately six (6) months. Petitioner does not explain his failure to pursue the opportunity of including the claim in his direct appeal. Accordingly, Petitioner is barred from raising the claim on post-conviction.

■ In the tenth assignment of error, Petitioner argues that the prosecutor's closing argument diminished the jury's sense of ultimate responsibility for deciding whether Petitioner should receive the death penalty or life imprisonment. This allegation of prosecutorial misconduct was not raised on direct appeal, but is an issue which could have been raised. Therefore, as Petitioner chose to bypass the direct appeal of this issue, he is barred from raising it on post-conviction.

■ Appellant contends in the eleventh assignment of error that the jury was unconstitutionally directed to not allow sympathy to enter into their deliberation, thereby preventing the jury from considering legitimate mitigating evidence. The "anti-sympathy" instruction given in Petitioner's case is a standard instruction based upon the general closing charge regarding the credibility of witnesses found in the Oklahoma Uniform Jury Instructions Criminal No. 907. This instruction, given routinely in first degree murder trials, was not challenged by Petitioner in his direct appeal. As Petitioner fails to show a subsequent change in the law preventing him from raising this claim earlier, he is now barred from raising it on post-conviction.

In his twelfth and thirteenth assignments of error, Petitioner contends that the instructions given to the jury and Oklahoma's death penalty scheme in general and the trial court's failure to give an instruction on the presumption of life violated his rights under the Eighth and Fourteenth Amendments to the United States Constitution.

In his direct appeal, Petitioner specifically complained about the failure to give an instruction on the presumption of life and that the Oklahoma death penalty statutory scheme does not provide particularized guidance to the jury in considering mitigating circumstances. This Court expressly addressed those allegations finding that the jury was properly instructed. 750 P.2d at 141, 143.

Raising these allegations again on post-conviction, Petitioner relies on a case decided since the direct appeal, *Mills v. Maryland*, 486 U.S. 367, 108 S.Ct. 1860, 100 L.Ed.2d. 384 (1988). However, Petitioner fails to show how *Mills* constitutes a subsequent change in the law affecting his case. We have reviewed *Mills* and find it does not constitute an intervening change in the law necessitating a further review of the jury instructions.

Having carefully examined Petitioner's application and the District Court's findings of fact and conclusions of law, we find that Petitioner is not entitled to relief and the order of the District Court should be, and is hereby AFFIRMED.

LANE, P.J., and BRETT and JOHNSON, JJ., concur.

PARKS, J., specially concurs.

PARKS, Presiding Judge, specially concurring:

On the direct appeal of this case, petitioner asserted that he was deprived of a fair trial due to the denial of his request for change of venue. *Hale v. State*, 750 P.2d 130 (Okl.Cr.1988), *cert. denied*, 488 U.S. 878, 109 S.Ct. 195, 102 L.Ed.2d 164 (1988). The majority affirmed his convictions on that appeal. However, I filed a dissenting opinion expressing my view that Hale was deprived of his fundamental right to be tried by an "impartial jury" due to the denial of his request for change of venue. 750 P.2d at 143–46 (Parks, J., dissenting). I continue to adhere to this view aware

though that relitigation of this issue is barred by the principle of *res judicata*.