13 F.3d 405
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Andre Latrelle HAWKINS, Petitioner-Appellant,
v.
Stephen KAISER, Respondent-Appellee.
 No. 93-6203.
 United States Court of Appeals, Tenth Circuit.
 Nov. 23, 1993.
 
 ORDER AND JUDGMENT[1]
 Before LOGAN, MOORE and BRORBY, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Andre Latrelle Hawkins appeals from the district court's dismissal of his writ of habeas corpus, filed pursuant to 28 U.S.C. 2254. The district court adopted the magistrate judge's report and recommendation and found that petitioner's claims were procedurally barred. We agree with the district court and affirm.
 
 
 3
 Petitioner pleaded guilty in 1989 to kidnapping for the purpose of extortion, first degree robbery, first degree burglary, and unauthorized use of a motor vehicle. He did not appeal his conviction or sentence. Instead, he applied in 1991 to the Oklahoma district court for post-conviction relief, alleging that his guilty plea was invalid because he had ineffective assistance of counsel and that his resulting conviction constituted double jeopardy. That court denied relief because petitioner had not pursued a direct appeal. The state court noted, however, that petitioner was not exposed to double jeopardy nor had he pleaded sufficient facts to meet the test of Strickland v. Washington, 466 U.S. 668, 690-91 (1984). The Oklahoma Court of Criminal Appeals affirmed.
 
 
 4
 Petitioner then filed for habeas relief in federal district court. The district court ruled that petitioner is procedurally barred from raising his claims in a federal habeas proceeding because the "last state court rendering a judgment in the case" rested its decision on a state procedural default. Harris v. Reed, 489 U.S. 255, 263 (1989). Our analysis thus begins with a review of the decision of the Oklahoma Court of Criminal Appeals. That court rejected petitioner's post-conviction pleading, stating:
 
 
 5
 We agree with the District Court that Petitioner has failed to show that he is entitled to any relief in this proceeding. The issues he raises could have and should have been raised in a direct appeal, and post-conviction relief is not a substitute for direct appeal. Hale v. State, 807 P.2d 264, 266 (Okl.Cr.1991).
 
 
 6
 Hawkins v. Kaiser, No. PC-91-1169, unpub. order at 1-2 (Okla. Cr.App. Aug.28, 1992). Okla. Stat. tit. 22, 1086. The Oklahoma court clearly rested its decision on an independent state procedural rule. As a consequence, procedural bar applies. See Gilbert v. Scott, 941 F.2d 1065, 1067 (10th Cir.1991).
 
 
 7
 In order to overcome procedural default, a petitioner must show cause for the failure to follow state procedures and resulting prejudice, or show how the failure to consider his claims will result in a fundamental miscarriage of justice. Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991). Ineffective assistance of counsel may constitute cause for a procedural default. Murray v. Carrier, 477 U.S. 478, 488 (1986). Petitioner has not, however, shown his counsel was ineffective under the standard of Strickland. Indeed, petitioner appears to base his ineffectiveness argument on a case the Supreme Court did not decide until after petitioner was sentenced, Grady v. Corbin, 495 U.S. 508 (1990). The only "objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule," Murray, 477 U.S. at 488, petitioner cites is that the Grady case was not decided until after his guilty plea and sentence. Grady, however, dealt with successive prosecutions and is inapposite here, where petitioner pleaded guilty to all the crimes in a single prosecution. We see nothing in the record to suggest that barring review of these claims will result in a fundamental miscarriage of justice. Petitioner's claim must fail because it was not raised and exhausted in state court. Murray, 477 U.S. at 489.
 
 
 8
 Petitioner's application for a certificate of probable cause is GRANTED. The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 9
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrine of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3