13 F.3d 405
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ulus GUY, Jr., Petitioner-Appellant,
v.
Ron CHAMPION and Susan B. Loving, Respondents-Appellees.
 No. 93-5095.
 United States Court of Appeals, Tenth Circuit.
 Dec. 16, 1993.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, BALDOCK, and KELLY, Circuit Judges.
 
 TACHA
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Guy appeals from an order of the district court dismissing his petition for federal habeas corpus relief pursuant to 28 U.S.C. 2254. We affirm for substantially the same reasons given by the district court.
 
 
 3
 In Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991), the Supreme Court held that "[i]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law." Here, citing Hale v. State, 807 P.2d 264, 266-67 (Okla.Crim.App.) (holding that "the doctrine of res judicata bars consideration in post-conviction proceedings of issues which have been, or which could have been, raised on direct appeal"), cert. denied, 112 S.Ct. 280 (1991), the Oklahoma Court of Criminal Appeals held that Mr. Guy's claims were procedurally barred. The court stated that "[Mr. Guy] has failed to show that he is entitled to any relief in a post-conviction proceeding. He has not raised any issues that he did not or could not have raised in his [direct] appeal." Because the Oklahoma Court of Criminal Appeals squarely rested its decision on an independent and adequate state procedural rule, we agree with the district court that Mr. Guy's habeas petition is procedurally barred. We also agree with the district court that Mr. Guy has not shown cause and prejudice for his failure to meet the state procedural requirements. Further, a review of the record does not establish that "failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 111 S.Ct. at 2565.
 
 
 4
 We DENY Mr. Guy's motion for summary judgment. We AFFIRM the district court's dismissal of Mr. Guy's habeas corpus petition. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3