21 F.3d 1121
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ricky R. ELVAKER, Petitioner-Appellant,
v.
Jack COWLEY, Respondent-Appellee.
 No. 93-6285.
 United States Court of Appeals, Tenth Circuit.
 April 7, 1994.
 
 Before LOGAN, SETH, and BARRETT, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 SETH
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 3
 Appellant Ricky Elvaker was convicted in an Oklahoma state district court for the offense of Robbery with Firearms, After Former Conviction of Two or More Felonies. Appellant's conviction was upheld on direct appeal by the Oklahoma Court of Criminal Appeals. Subsequently, Appellant applied for post-conviction relief to the state district court. This petition ("First Petition") was denied, and the denial was upheld on appeal. Appellant again petitioned for post-conviction relief to the state courts, and again the petition ("Second Petition") was denied by both the state district court and court of appeals.
 
 
 4
 In its order affirming the denial of Appellant's Second Petition, the Oklahoma Court of Criminal Appeals stated:
 
 
 5
 "Petitioner now raises five (5) grounds for relief, namely: (1) ineffective assistance of counsel at trial; (2) ineffective assistance of counsel on appeal; (3) violation of his Fifth Amendment rights concerning his failure to testify at trial; (4) violation of 22 O.S.1981, 701, concerning his failure to testify at trial; and (5) prosecutorial misconduct at trial.
 
 
 6
 "The issues he raises could have, and should have, been raised in either his direct appeal or in his prior application for post-conviction relief. He states no reason why they were not so raised or were inadequately raised in the prior applications. Petitioner has therefore waived his right to raise these issues and he is not entitled to any relief in a post-conviction proceeding. 22 O.S.1981, 1086 [ (providing that all grounds for relief must be raised in the original, supplemental or amended application [for post-conviction relief]. Any ground ... not so raised ... may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the prior application.') ]; Hale v. State, 807 P.2d 264, 266-67 (Okl.Cr.1991)."
 
 
 7
 After unsuccessfully attempting to secure post-conviction relief at the state level, Appellant petitioned to the United States District Court for the Western District of Oklahoma for a writ of habeas corpus. In this petition ("Federal Petition"), Appellant asserted essentially the same arguments that he posed in his Second Petition, i.e., (1) violation of his right to remain silent; (2) ineffective assistance of counsel at trial; (3) ineffective assistance of counsel on direct appeal; and (4) improper remarks by the prosecutor during closing argument. The magistrate assigned to Appellant's case recommended dismissal because Appellant had failed to meet the "cause and prejudice" test as set forth in Coleman v. Thompson, 501 U.S. ----, 111 S.Ct. 2546, 59 U.S.L.W. 4789. The district court adopted the magistrate's recommendation, and this appeal followed.
 
 
 8
 Employing a liberal construction standard to Appellant's brief, we find that he has raised the same issues that he asserted before the district court in the Federal Petition, except for the issue regarding prosecutorial misconduct during closing argument. He now asserts that the prosecutor's misconduct, in conjunction with other errors such as his ineffective assistance of counsel, satisfies the prejudice prong of the Coleman test.
 
 
 9
 In Coleman the Court determined that if a petitioner had procedurally defaulted his claims pursuant to independent and adequate state grounds, the petitioner may collaterally raise those claims by way of a petition for habeas corpus only if the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Id. at ----, 111 S.Ct. at ----, 59 U.S.L.W. at 4796. In the case before us, Appellant's claims were procedurally defaulted on independent and adequate state grounds, and there is no viable assertion that failure to consider the claims will amount to a fundamental miscarriage of justice. Thus, the question becomes whether Appellant can demonstrate cause for the default at the state level and actual prejudice.
 
 
 10
 As was quoted above, the Oklahoma Court of Criminal Appeals determined that Appellant had failed to raise his claims in either his direct appeal or his initial application for post-conviction relief. On page four of his response to Appellant's Federal Petition, Appellee Jack Cowley correctly states that Appellant "offers no reason to this Court as to why these issues were not raised in the Petitioner's initial application for post-conviction relief." In reply to this assertion, Appellant argues that the record is devoid of evidence that he intentionally and knowingly relinquished these claims and therefore he has satisfied the "deliberate bypass" standard of Fay v. Noia, 372 U.S. 391.
 
 
 11
 In his Report and Recommendation, the magistrate astutely recognized that Fay was inapplicable and has been superseded by Coleman under the circumstances presented herein. However, the magistrate and the district court ultimately concluded that Appellant failed to meet the Coleman cause and prejudice test relative to his direct appeal to the Oklahoma Court of Criminal Appeals. While this may be true, we do not need to reach this issue because Appellant has not appealed the disposition regarding the applicability of Fay. Instead, Appellant continues to posit that because his trial and appellate lawyers were ineffective, he has satisfied the Coleman test. This position ignores that portion of the Oklahoma Court of Criminal Appeals' decision procedurally barring Appellant's claims pursuant to Okla. Stat. tit. 22, 1086, because he failed to raise them in his First Petition to the state district court. Consequently, even if Appellant met the Coleman test for purposes of his direct appeal, his Federal Petition must be denied because he has made no showing of cause and prejudice concerning his failure to assert his claims in his First Petition and therefore fails to meet the Coleman test on this crucial point.
 
 
 12
 Accordingly, we grant Appellant's request for a certificate of probable cause and AFFIRM the decision of the district court, albeit for slightly different reasons.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470