Filed 7/10/96

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

CHESTER RAY ROLLAND,

Petitioner-Appellant,

v.

RON CHAMPION, Warden,

Respondent-Appellee.

No. 96-5014
(D.C. No. 94-C-1104-H)
(N.D. Okla.)

ORDER AND JUDGMENT*

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Petitioner Chester Ray Rolland, appearing pro se, petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district court dismissed the petition and denied Rolland a certificate of probable cause for leave to proceed on appeal. This matter is before the court on Rolland's application for a certificate of probable cause and a motion

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

for leave to proceed on appeal in forma pauperis.

## I.

Petitioner was convicted of unlawful possession of a controlled substance after former conviction of two or more felonies, and was sentenced to 35 years' imprisonment. His direct appeal was affirmed by the Oklahoma Court of Criminal Appeals. Petitioner subsequently filed an application for post-conviction relief, alleging the trial court failed to properly instruct the jury on the use of his prior felony convictions and that the court erred in allowing him to be cross-examined on the type of controlled substance involved in a prior conviction. The trial court denied the application, noting both issues could have been raised in petitioner's direct appeal. The denial of the application was affirmed by the Oklahoma Court of Criminal Appeals. Petitioner raised the same two grounds in his petition for writ of habeas corpus. The district court denied the petition, finding the claims were procedurally barred and that petitioner had failed to demonstrate cause and prejudice for the procedural default or that a miscarriage of justice would result if his claims were not considered.

The district court denied petitioner a certificate of probable cause on February 14, 1996, and his application of probable cause and motion to proceed in forma pauperis were filed with this court on April 1, 1996.

## II.

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214. Title I of the Act significantly curtails the scope of collateral review of convictions and sentences and amends 28 U.S.C. §§ 2244, 2253, 2254, 2255, Fed. R. App. P. 22, and 21 U.S.C.

2

§ 848(q).

At the outset, we must determine whether certain provisions of Title I are applicable to this case. In particular, we must decide whether § 102, which requires state habeas petitioners to obtain certificates of appealability prior to seeking appellate review of final orders in habeas corpus proceedings, is applicable. This court recently held that § 102 merely codified the Barefoot v. Estelle, 463 U.S. 880, 892-93 (1983), standard which governed the issuance of a certificate of probable cause. Lennox v. Evans, 1996 WL 343632 (10th Cir. June 24, 1996).

> In the context of an appeal from the denial of a 28 U.S.C. § 2254 petition for habeas corpus, a "substantial showing of the denial of a constitutional right" [as required by §102] is the same standard as "substantial showing of the denial of a federal right." Because the standard governing the issuance of a certificate of appealability requires the same showing as that for obtaining a certificate of probable cause, application of § 102 of the Act to Petitioner's request for a certificate of probable cause would not constitute retroactive operation under [Landgraf v. USI Film Products, 511 U.S. 244 (1994) (describing the procedure for determining whether a federal statute is to be applied retroactively)]. . . . Because § 102 does not have retroactive effect within the meaning of Landgraf when applied to Petitioner's application, we analyze this matter under §102, thereby following the tenet that we apply the law in effect at the time we render our decision.

Id. at *4.

### III.

We proceed to determine whether petitioner is entitled to a certificate of appealability. As the language of §102 makes clear, such a certificate will be issued only if petitioner "has made a substantial showing of the denial of a constitutional right."

"On habeas review, we do not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless cause and prejudice or a fundamental miscarriage of justice is shown." Steele v. Young, 11 F. 3d 1518, 1521

3

(10th Cir. 1993). Here, the district court concluded, and we agree, that petitioner's claims are procedurally barred under Oklahoma law due to his failure to assert them in his direct appeal, see e.g., Hale v. State, 807 P.2d 264, 266 (Okla. Crim. App.) (holding Okla. Stat. Ann. tit. 22, § 1086, as well as doctrine of res judicata, bars assertion in post-conviction proceedings of alleged errors "which could have been raised on direct appeal, but were not"), cert. denied 502 U.S. 902 (1991). Further, we agree that petitioner's arguments in support of "cause" to overcome his state court procedural bar, i.e., his vague assertions of attorney neglect in failing to raise the two issues on direct appeal, are insufficient. Notably, petitioner did not present his claim of ineffective assistance of counsel to the Oklahoma courts during his post-conviction proceedings and is precluded from using this claim as cause for a procedural default. See Murray v. Carrier, 477 U.S. 478, 489 (1986). In any event, we agree with the district court that petitioner has not demonstrated that his counsel was ineffective under the standard in Strickland v. Washington, 466 U.S. 668, 687 (1984). Petitioner has failed to demonstrate that a fundamental miscarriage of justice would result if we failed to consider his claims. See Steele, 11 F.3d at 1521. The fundamental miscarriage of justice exception applies only when a petitioner "'supplements his constitutional claim with a colorable showing of factual innocence." Herrera v. Collins, 506 U.S. 390, 404 (1993) (quoting Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986)). Here, petitioner has failed to supplement his claims with any evidence of actual innocence, thus precluding application of this exception.

Because petitioner cannot meet either the cause and prejudice or the fundamental miscarriage of justice exception, his claims cannot be considered on the merits. Further, as petitioner has failed to establish he is entitled to a certificate of appealability, we need

not address whether § 101 of the Act, which establishes a one-year statute of limitations for § 2254 petitions, is applicable.  Finally, because petitioner has failed to advance a rational argument on the law and facts in support of the issue raised on appeal, we decline to grant him leave to proceed on appeal in forma pauperis.[1]  See Coppedge v. United States, 369 U.S. 438, 448 (1962); 28 U.S.C. § 1915.

The application for a certificate of appealability is DENIED.  Leave to proceed without prepayment of costs or fees is DENIED.  The appeal is DISMISSED.  The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

---

[1]  We note that on April 26, 1996, during the pendency of this appeal, the President signed into law the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). Although the Act makes significant amendments to the in forma pauperis statute, 28 U.S.C. § 1915, we find it unnecessary to decide whether the Act applies to the case at bar.  The state has not asked us to do so and, even under the more expansive prior version of § 1915, petitioner is not entitled to the relief requested.