Alvie James HALE, Petitioner,

v.

The STATE of Oklahoma, Respondent.

No. PC–96–939.

Court of Criminal Appeals of Oklahoma.

March 13, 1997.

Randy A. Bauman, Oklahoma Indigent Defense System, Norman, for Petitioner.

No Response Necessary from the State.

## OPINION DENYING POST–CONVICTION RELIEF

LUMPKIN, Judge:

Petitioner Alvie James Hale has appealed to this Court from an order of the District Court of Pottowatomie County denying his application for post-conviction relief in Case No. CRF–84–208. Petitioner's first degree murder conviction and death sentence were affirmed by this Court in *Hale v. State,* 750 P.2d 130 (Okl.Cr.1988). The United States Supreme Court subsequently denied a Petition for Certiorari. *See Hale v. Oklahoma,* 488 U.S. 878, 109 S.Ct. 195, 102 L.Ed.2d 164 (1988). Petitioner's first application for post-conviction relief was denied by the District Court and a subsequent appeal of that denial was affirmed by this Court in *Hale v. State,* 807 P.2d 264 .(Okl.Cr.1991). A second Petition for Certiorari filed with the United States Supreme Court was denied in *Hale v. Oklahoma,* 502 U.S. 902, 112 S.Ct. 280, 116 L.Ed.2d 231 (1991). A second application for post-conviction relief was filed by Petitioner in the District Court and relief was denied. It is that denial which Petitioner now appeals.

The Post–Conviction Procedure Act sets forth the procedures for a defendant to challenge his or her conviction and sentence after resolution of the direct appeal. 22 O.S. 1991, § 1080–1089.[1] All grounds for relief must be raised in the original, supplemental or amended application unless the petitioner shows sufficient reason why a ground for relief was not previously asserted or a sufficient reason why a ground for relief was inadequately raised in a prior application. The Post–Conviction Procedure Act is not intended to provide a second appeal. *Fox v. State,* 880 P.2d 383, 384 (Okl.Cr.1994); *Ellington v. Crisp,* 547 P.2d 391, 393 (Okl.Cr. 1976). This Court will not consider an issue which was raised on direct appeal and is therefore barred by *res judicata,* nor will we consider an issue which has been waived

---

1. A completely redesigned post-conviction procedure has gone into effect since Petitioner's case was filed. *See* 22 O.S.Supp.1995, §§ 1088.1, 1089; 22 O.S.Supp.1996, Ch. 18, app. *Rules of the Court of Criminal Appeals,* Rule 9.7. Petitioner's case was filed under the post-conviction procedure which existed before the new law went into effect on November 1, 1995. In noting this change, we in no way express whether or not Petitioner's claims would be viable under the new post-conviction procedure act.

because it could have been raised on direct appeal but was not. *Mann v. State,* 856 P.2d 992, 993 (Okl.Cr.1993), *cert. denied,* 511 U.S. 1100, 114 S.Ct.1869, 128 L.Ed.2d 490 (1994); *Hale v. State,* 807 P.2d at 266–67. Therefore, we will not address Petitioner's propositions which are barred by waiver or *res judicata.* This includes proposition of error number three wherein Petitioner argues that he was subjected to double jeopardy as a result of his federal conviction for extortion and his state conviction of kidnapping for purposes of extortion. This allegation was raised and addressed on direct appeal. Therefore, further consideration of the issue is barred by *res judicata.*

■ In his first and second propositions of error, Petitioner contends that intervening changes in the law since his direct appeal warrant reversal of his conviction and sentence. In his first proposition of error, Petitioner asserts reversal is warranted because he was given the flight instruction condemned by this Court in *Mitchell v. State,* 876 P.2d 682, 685–86 (Okl.Cr.1993). He contends the instruction given in his case violated his fundamental right to the presumption of innocence.

■ In his second proposition of error, Petitioner asserts that the provisions of *Hunter v. State,* 829 P.2d 64 (Okl.Cr.1992) were violated by the State's filing of an Amended Bill of Particulars immediately prior to trial. He contends the late filing violated his constitutional right to adequate notice of the aggravating circumstances alleged against him. As discussed below, both issues involve new rules of criminal procedure which will not be applied retroactively to cases in which a final decision has been rendered nor to cases pending on collateral review at the time the new rule is laid down.

An intervening change in constitutional law which impacts the judgment and sentence has been held a sufficient reason for not previously asserting a claim for relief. *Stewart v. State,* 495 P.2d 834, 836 (Okl.Cr.1972). *See also Rojem v. State,* 829 P.2d 683, 684 (Okl.Cr.1992); 22 O.S.1991, § 1086. In *Rivers v. State,* 889 P.2d 288, 291 (Okl.Cr.1994), this Court held that the rule in *Mitchell* was an interpretation and application of state law

and did not create any new constitutional right. This Court could therefore limit the application of the rule and did so holding that it would not be applied retroactively, but prospectively only. Therefore, as Petitioner's appeal has been final for approximately eight (8) years, *Mitchell* does not apply. Petitioner is not entitled to relief on this ground.

In *Hunter v. State,* this Court held that in a capital case the State must file the Bill of Particulars prior to or at the arraignment of the defendant. In *Thomas v. State,* 888 P.2d 522, 527 (Okl.Cr.1994) the Court said that *Hunter* was a new rule of criminal procedure which did not apply to those cases pending on collateral review at the time the new rule is laid down. As post-conviction is a form of collateral review, *Hunter* will not be applied on post-conviction. *Id.* Therefore, *Hunter* is not applicable to Petitioner's case and relief is denied on this ground.

■ In his second proposition of error, Petitioner also contends that despite the applicability of *Hunter* to his case, he has a federal constitutional claim warranting relief. Any further consideration of the issue of the filing of the Bill of Particulars is barred by *res judicata* as the issue was raised and addressed on direct appeal.

In his fourth proposition of error, Petitioner contends his previous counsel was ineffective for failing to raise issues entitling him to relief. In particular he refers to the flight instruction issue. Further, he asserts the district court erred in failing to grant an evidentiary hearing on the issue.

■ Complaints concerning the performance of trial counsel are now barred as the claim was raised on direct appeal. Complaints concerning the assistance of counsel on direct appeal are also barred as that claim was raised in the first application for post-conviction relief. Complaints addressed to the performance of counsel during post-conviction, being raised now at the first available opportunity, will be addressed on the merits.

■ The test for determining the effectiveness of both trial and appellate counsel is the standard of "reasonably effective assis-

tance" set forth in *Strickland v. Washington*, 466 U.S. 668, 686–88, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 692–93 (1984); *Hooks v. State*, 902 P.2d 1120, 1123 n. 14 (Okl.Cr.1995). Interpreting *Strickland*, the Supreme Court has held:

> ... a criminal defendant alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S., at 687 [104 S.Ct., at 2064]; *see also Kimmelman v. Morrison*, 477 U.S. 365, 374 [106 S.Ct. 2574, 2582, 91 L.Ed.2d 305] (1986) ("The essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect"); *Nix v. Whiteside*, supra [475 U.S. 157], at 175 [106 S.Ct. 988, 998–99, 89 L.Ed.2d 123 (1986)]. Thus, an analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective. To set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him. *See [U.S. v.] Cronic*, supra [466 U.S. 648], at 658 [104 S.Ct. 2039, 2046–47, 80 L.Ed.2d 657 (1984)].

*Lockhart v. Fretwell*, 506 U.S. 364, 369–70, 113 S.Ct. 838, 842–43, 122 L.Ed.2d 180, 189 (1993) (footnote omitted).

Here, Petitioner has failed to show that counsel's failure to challenge the flight instruction in the first post-conviction application undermines confidence in the appellate process. As *Mitchell* does not apply retroactively, counsel was not ineffective for failing to raise the issue. Further, no evidentiary hearing was necessary in this case. Under the Post–Conviction Procedure Act, an evidentiary hearing is required only "[i]f the application cannot be disposed of on the pleadings and record, or there exists a material issue of fact." 22 O.S.1991, § 1084. The issue raised by Petitioner involved only a question of law, therefore it could be resolved on the pleadings, and there was no need for an evidentiary hearing.

In his fifth assignment of error, Petitioner argues that he should have been granted summary judgment. Petitioner asserts that he filed a Motion for Summary Adjudication of Post–Conviction Action and did not receive a ruling from the District Court. He subsequently filed an additional motion seeking a ruling and asking the court to hold the State in default. Petitioner admits there is no section of the Post–Conviction Procedure Act specifically governing defaults for failure to respond to dispositive motions. However, he argues that Rule 13(b), Rules for the District Courts of Oklahoma, applies either directly or by analogy. Petitioner argues that as the State failed to respond within the fifteen (15) days from the date of his motion, as allotted by Rule 13(b), judgment should have been granted for him.

Petitioner is correct in noting that the Post–Conviction Procedure Act does not address defaults for failure to respond to dispose motions. We decline his invitation to extend Rule 13(b) to post-conviction proceedings. Accordingly, relief is not granted on this ground.

For his final proposition of error, Petitioner asserts that if the grounds presented for relief do not individually warrant relief, then the cumulative effect of the errors warrant relief. This Court has repeatedly held that a cumulative error argument has no merit when this Court fails to sustain any of the other errors raised by an appellant. *Ashinsky v. State*, 780 P.2d 201, 209 (Okl.Cr.1989); *Gilbert v. State*, 766 P.2d 361, 364 (Okl.Cr. 1988); *Weatherly v. State*, 733 P.2d 1331, 1339 (Okl.Cr.1987). As none of the errors raised by Petitioner, either individually or in total, warrant relief, this proposition of error is denied.

Therefore, the order of the District Court denying post-conviction relief should be, and is hereby **AFFIRMED**.

CHAPEL, P.J., concurs in results.

STRUBHAR, V.P.J., and LANE and JOHNSON, J., concur.