UNITED STATES COURT OF APPEALS

TENTH CIRCUIT
_____

RODNEY JAROME BROADES,

Petitioner-Appellant,

v.

GARY GIBSON, Warden, O.S.P.,

Respondent-Appellee.

No. 00-7062
(E.D. Okla.)
(D.Ct. No. 99-CV-302-B)

_____

ORDER
Filed December 4, 2000

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.

This matter is before the court on appellant's petition for rehearing with suggestion for rehearing en banc. The panel has voted to grant rehearing and file a revised order and judgment. The order and judgment of November 2, 2000 is withdrawn and vacated. A copy of the revised order and judgment is attached.

The suggestion for rehearing en banc was transmitted to all of the judges of the court who are in regular active service as required by Fed. R. App. P. 35. As no member of the panel and no judge in regular active service on the court

requested that the court be polled, the suggestion is denied.

Entered for the Court

Patrick Fisher, Clerk of Court

By:
    Keith Nelson
    Deputy Clerk

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 4 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

RODNEY JAROME BROADES,

     Petitioner-Appellant,

v.

GARY GIBSON, Warden, O.S.P.,

     Respondent-Appellee.

No. 00-7062
(E.D. Okla.)
(D.Ct. No. 99-CV-302-B)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.

_____

     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

     Appellant Rodney Jarome Broades, a state inmate appearing _pro se_, appeals

---

    [*] This order and judgment is not binding precedent except under the doctrines of law of the case, _res judicata_ and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

the district court's decision denying his federal habeas corpus petition filed pursuant to 28 U.S.C. § 2254. We deny Mr. Broades' request for a certificate of appealability and dismiss his appeal.

In his § 2254 petition, Mr. Broades challenged his state sentence for robbery by firearm, after former conviction of two or more felonies. The district court issued an Order denying Mr. Broades' petition as time-barred under 28 U.S.C. § 2244(d). In making this determination, the district court applied the mail box rule and the one-year limitation period for bringing a § 2254 action, as well as tolled the one-year limitation period during the pendency of Mr. Broades' first state post-conviction application. The district court further determined no additional tolling occurred during the pendency of Mr. Broades' "Motion for [Order] Nunc Pro Tunc" and second post-conviction habeas petition in which he claimed the state incorrectly enhanced his conviction with prior underlying convictions. In addressing Mr. Broades' "Motion for [Order] Nunc Pro Tunc" and second state post-conviction petition, the district court noted the Oklahoma Court of Criminal Appeals found the issue he presented barred by the doctrine of *res judicata.* It also found the motion barred under Oklahoma law that requires any challenge to a conviction and sentence be brought pursuant to Oklahoma's Post-Conviction Procedure Act.

On appeal, Mr. Broades continues to claim his "Motion for [Order] Nunc Pro Tunc" and second state post-conviction petition should toll his limitation period under 28 U.S.C. 2244(d)(2). We review *de novo* the legal basis for the district court's dismissal of Mr. Broades' § 2254 petition. *See Hatch v. Oklahoma*, 58 F.3d 1447, 1453 (10th Cir. 1995), *cert. denied*, 517 U.S. 1235 (1996). In so doing, we afford deference to the state court's construction of state law. *See James v. Gibson*, 211 F.3d 543, 549 (10th Cir. 2000).

Applying this standard, we have carefully reviewed the record on appeal, Mr. Broades' brief, and the district court's order. We hold that even if Mr. Broades' "Motion for [Order] Nunc Pro Tunc" and/or second state post-conviction petition tolled the limitation period under 28 U.S.C. 2244(d)(2), he fails to make a substantial showing of the denial of a constitutional right as required under 28 U.S.C. § 2253(c)(2).[1]

_____

[1] We acknowledge the district court did not have the benefit of the United States Supreme Court decision in *Artuz v. Bennett*, 2000 WL 1663653 (U.S. Nov. 7, 2000), when it issued its order. In short, the Supreme Court reasoned the term "properly filed" under 28 U.S.C. § 2244(d)(2) entails issues related to proper delivery and acceptance, and does not pertain to whether a post-conviction application contains procedurally barred claims. *Id.* at *3-4. The Court stated "[o]nly individual claims, and not the application containing those claims, can be procedurally defaulted under state law..." *Id.* at 4 (citations omitted.)

First, it is important to note that in considering Mr. Broades' "Motion for

[Order] Nunc Pro Tunc," the state district court issued an order clarifying it

enhanced Mr. Broades' sentence on the basis of at least two prior convictions,

which Mr. Broades apparently contends were not in evidence, nonexistent or

improperly applied. Moreover, in addressing this same issue on appeal, on

rehearing, in the second state post-conviction petition, and in various other

pleadings filed by Mr. Broades, the Oklahoma Court of Criminal Appeals clearly

found Mr. Broades' claim barred under the doctrine of *res judicata* on the same

issue. We have stated that "[g]enerally, where 'a state prisoner has defaulted his

federal claims in state court pursuant to an independent and adequate state

procedural rule, federal habeas review of the claims is barred unless the prisoner'

can satisfy either the 'cause and prejudice' standard, or, alternatively, the

'fundamental miscarriage of justice standard.'" *Moore v. Reynolds*, 153 F.3d

1086, 1096 (10th Cir. 1998), *cert. denied*, 526 U.S. 1025 (1999) (quoting

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). "For this procedural default

doctrine to apply, the state law ground must have been 'the exclusive basis for the

state court's holding' and 'strictly or regularly followed' by the state courts and

applied 'evenhandedly to all similar claims.'" *Id.* (quoting *Maes v. Thomas*, 46

F.3d 979, 985 (10th Cir. 1995)). Applying this criteria, we note the Oklahoma

Court of Criminal Appeals has consistently held "[t]he doctrine of res judicata

bars consideration in post-conviction proceedings of issues which have been, or which could have been, raised on direct appeal." *Thomas v. Oklahoma*, 888 P.2d 522, 525 (Okla. Crim. App. 1994), *cert. denied*, 516 U.S. 840 (1995); *Hale v. State*, 807 P.2d 264, 266-67 (Oka. Crim. App.), *cert. denied*, 502 U.S. 902 (1991).

In this case, the Oklahoma Court of Criminal Appeals repeatedly applied the doctrine of *res judicata* in barring Mr. Broades' claim the state district court improperly enhanced his sentence with his two prior convictions.[2] Thus, the Oklahoma Court of Criminal Appeals disposed of Mr. Broades' claim on adequate and independent state grounds, and federal review is barred unless he can demonstrate cause for his default and actual prejudice as a result, or fundamental miscarriage of justice. In this vein, Mr. Broades alleges "cause" for his

---

[2] In one order the court held the motion was barred by the doctrine of *res judicata* and also noted such a motion should not be treated as a post-conviction application under Oklahoma's Post-Conviction Procedure Act. Mr. Broades contends the Court of Criminal Appeals contradicted itself in another order dismissing his request for a rehearing when it stated it treated his "Motion to Clarify Order Nunc Pro Tunc" under the Post-Conviction Procedure Act. Even if the Oklahoma court treated the "Motion to Clarify Order Nunc Pro Tunc" as a second post-conviction application, it nevertheless found his claim barred under the doctrine of *res judicata* because Mr. Broades raised the same underlying enhancement issue in his direct appeal and first post-conviction application. Thus, regardless of whether his motion is considered a collateral attack under § 2254 and would possibly toll the limitation period, the Oklahoma court's *res judicata* determination does not change or affect our examination of the constitutional merits of Mr. Broades' claim. For these reasons, we deny Mr. Broades' October 11, 2000 "Motion for Leave to File Judicial Notice," in which he provides supplemental authority in support of this argument.

procedural default because "new information" showed the Oklahoma Court of Criminal Appeals did not take "proper notice" of the number of his prior convictions either on direct appeal or in its order affirming denial of state post-conviction relief. We conclude Mr. Broades fails to show the requisite cause for his state procedural default. Specifically, Mr. Broades fails to show that on appeal, the Oklahoma Court of Criminal Appeals did not consider the actual number of convictions used to enhance his sentence. To the contrary, the record shows the Oklahoma court repeatedly considered and rejected Mr. Broades' argument the district court improperly applied two prior convictions in calculating his sentence. In addition, the state district court pointed out Mr. Broades' second post-conviction petition constituted his fifth legal challenge to his sentence on these grounds and was frivolous. Under these circumstances, we conclude Mr. Broades has not shown the state courts' adjudications concerning the issue of his prior two convictions "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence that was presented in the State court proceeding." *See* 28 U.S.C.§ 2254(d)(1), (2).

Finally, Mr. Broades' conclusory statement that this court's failure to

further toll his limitation period "would be a grave miscarriage of justice" is insufficient to meet the miscarriage of justice exception. The "fundamental miscarriage of justice" burden is satisfied only if Mr. Broades produces facts amounting to a "colorable showing of factual innocence." *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986). While the state enhanced Mr. Broades' sentence on the basis of two underlying convictions, he has not attempted to show he is factually innocent of those prior convictions.

In order for this court to grant a certificate of appealability, Mr. Broades must make a substantial showing of the denial of a constitutional right as required under 28 U.S.C. § 2253(c)(2). When the district court denies a habeas petition on procedural grounds, as it did here, without reaching the underlying constitutional claim, "a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reasons would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, ___ U.S. ___, 120 S. Ct. 1595, 1604 (2000). In this case, it may be debatable whether the district court made the correct procedural ruling, but clearly, Mr. Broades fails to show jurists of reason would find it debatable whether his petition states a valid claim of the denial of a constitutional right.

Accordingly, for the reasons stated herein, we deny Mr. Broades' request for a certificate of appealability, deny his October 11, 2000 "Motion for Leave to File Judicial Notice," and **DISMISS** his appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge